**Hayden REAVES and Billy Rochier, Appellants,**

v.

**CITY OF CORPUS CHRISTI, Appellee.**

**NUMBER 13-15-00057-CV**

Court of Appeals of Texas,
Corpus Christi-Edinburg.

Delivered and filed April 13, 2017

ATTORNEYS OF RECORD FOR THE APPELLANTS: Thomas J. Henry, George A. DeVera, Law Offices of Thomas J. Henry, 521 Starr Street, Corpus Christi, TX 78401.

ATTORNEY OF RECORD FOR THE APPELLEE: Michael Melvin Meyer, City of Corpus Christi, P. O. Box 9277, Corpus Christi, TX 78469-9277.

Before Chief Justice Valdez and Justices Rodriguez and Benavides

## OPINION

Opinion by Justice Rodriguez

Appellants Hayden Reaves and Billy Rochier sued appellee the City of Corpus Christi ("the City") for personal injury allegedly caused by its employee. The suit alleged that Officer Jorge Fernandez negligently conducted a high-speed chase of a drunk driver named Kimberly Balboa, which ended when Balboa ran a red light and struck appellants' vehicle. The City filed a rule 91a motion to dismiss, arguing that because the City had governmental immunity, the suit against the City had no basis in law. The trial court agreed. The resulting dismissal under rule 91a is the subject of this appeal.

Appellants bring what we construe as three issues on appeal. By their first issue, appellants argue that the trial court reversibly erred when it granted the City's motion long after the 45-day deadline for ruling on a 91a motion. By their second issue, appellants argue that the City's motion should be reviewed as a rule 91a motion and not as a plea to the jurisdiction, as the City suggests. By their third issue, appellants contend that their peti-

tion alleged a basis in law sufficient to survive review under rule 91a. We reverse and remand.

## I. BACKGROUND

### A. Allegations in Appellants' Petition

Appellants filed their original petition in Nueces County Court at Law No. 2 on May 23, 2014. Named as defendants were Officer Fernandez of the Corpus Christi Police Department, the City, Balboa, and Randy Vasquez, who allegedly entrusted the car to Balboa. Appellants' first amended petition was the live petition, and we judge this appeal based on its contents.[1]

The petition alleged as follows. Appellants were injured on August 4, 2012, after Officer Fernandez initiated a high-speed chase of Balboa. The pursuit ended when Balboa ran a red light and struck appellants' vehicle on its passenger door. Officer Fernandez was driving the patrol car in the course and scope of his employment with the City, and he did so "recklessly and without regard to public safety." This collision caused appellants "severe personal injuries," which were specified. Appellants were transported to Christus Spohn Memorial Hospital for treatment.

The petition further alleged that their negligence claims qualified for a waiver of sovereign immunity through Texas Civil Practice and Remedies Code section 101.021(1) because: Officer Fernandez acted within the course and scope of employment, the personal injury claims were caused by Officer Fernandez's negligent operation of a vehicle, and Officer Fernandez would be personally liable otherwise under Texas law. Appellants further alleged that in the absence of immunity, the City was liable through respondeat superior. Appellants also alleged direct negligence against the City, including theories of negligent entrustment, negligent hiring and/or screening of driver qualifications, negligent training and supervision, negligent retention, negligent contracting, and negligent maintenance. Appellants sought damages and other relief.

### B. Further Procedural History

On July 31, 2014, the City filed its 91a motion, which argued that appellants' petition had no basis in law. "Not only have Plaintiffs completely failed to claim a waiver of immunity, there is no valid waiver of governmental immunity that they can claim." The City theorized that under the Texas Tort Claims Act (TTCA), only one form of waiver was potentially applicable to the events alleged: a claim for "personal injury ... aris[ing] from the operation or use of a motor-driven vehicle...." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1) (West, Westlaw through 2015 R.S.). The City cited appellants' allegation that it was Balboa, not Officer Fernandez, who ran a red light and struck appellants' car. According to the City, these allegations made it per se impossible for appellants to demonstrate the required causal "nexus" between the injury and the government employee's operation of the vehicle, which is necessary to establish a waiver of immunity under the TTCA. *See id.* § 101.025(a) (West, Westlaw through 2015 R.S.); *City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam). The City's 91a motion did not discuss appellants' direct negligence claims against the City for neg-

---

1. On January 27, 2015, after the 91a motion had been granted, appellants filed a second amended petition. However, a trial court determines a 91a motion on the allegations of the live petition and any pleading exhibits attached thereto. *Stedman v. Paz*, 511 S.W.3d 635, 637–38 (Tex. App.—Corpus Christi 2015, no pet.). The first amended petition was the live petition, and it forms the basis for our review.

ligent entrustment, negligent hiring and/or screening of driver qualifications, etc.

A hearing was scheduled, and appellants filed their first amended petition on September 5, 2014. On September 29, 2014, Officer Fernandez was dismissed on grounds unrelated to the City's 91a motion, and appellants do not protest his dismissal on appeal. On January 5, 2015, the trial court granted the City's 91a motion and dismissed appellants' suit against the City in its entirety, with prejudice. On appeal, appellants do not challenge the dismissal of their direct negligence claims, but instead solely challenge the dismissal of their claims relating to Officer Fernandez's alleged negligence and recklessness, and the corresponding waiver of immunity under section 101.021.

## II. General Applicable Law

### A. Rule 91a

■ In 2011, the Legislature directed the supreme court to adopt rules providing for the dismissal of causes of action that have no basis in law or fact, to be achieved "on motion and without evidence." Tex. Gov't Code Ann. § 22.004(g) (West, Westlaw through 2015 R.S.). The result was Texas Rule of Civil Procedure 91a, enacted in 2013. *See* Tex. R. Civ. P. 91a. The rule provides in part:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

*Id.* R. 91a.1. The court may not consider evidence in ruling on a 91a motion and must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure. *Id.* R. 91a.6; *In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi 2016, orig. proceeding); *see also* Tex. R. Civ. P. 59 (permitting a party to attach to a pleading certain instruments—"[n]otes, accounts, bonds, mortgages, records, and all other written instruments"—which constitute the claim sued on or a matter set up in defense, and providing that such instruments "may be made a part of the pleadings").

■ A trial court's determinations of whether a cause of action has any basis in law and in fact are legal questions that we review de novo. *Sanchez*, 494 S.W.3d at 724. To determine whether dismissal under rule 91a is required in this case, we thus consider whether the pleadings, liberally construed according to the pleader's intent, allege sufficient facts to invoke a waiver of governmental immunity under the Tort Claims Act. *See id.* at 725; *Butt*, 495 S.W.3d at 462; *In Estate of Sheshtawy*, 478 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2015, no pet.). We apply the fair-notice pleading standard applicable in Texas to determine whether the allegations of the petition are sufficient to allege a cause of action. *Butt*, 495 S.W.3d at 462; *Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied); *Stedman v. Paz*, 511 S.W.3d 635, 637–38 (Tex. App.—Corpus Christi 2015, no pet.) (citing *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied)); *Estate of Sheshtawy*, 478 S.W.3d at 86.

### B. Fair Notice

■ Our procedural rules merely require that the pleadings provide fair notice of the claim and the relief sought such that the opposing party can prepare a defense. *In re Lipsky*, 460 S.W.3d 579, 590 (Tex.

2015) (orig. proceeding) (citing Tex. R. Civ. P. 45 & 47). A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 346 (Tex. 2011) (quoting *Roark v. Allen*, 633 S.W.2d 804, 810 (Tex. 1982)). "Even the omission of an element is not fatal if the cause of action may be reasonably inferred from what is specifically stated." *Lipsky*, 460 S.W.3d at 590 (internal quotations omitted); *see also Roark*, 633 S.W.2d at 809–10 (finding that, even though petition did not use the word "negligent," the allegations—that, during birth, a baby sustained a fractured skull as a result of a doctor's delivery, and that fracture caused anguish and expense—provided fair notice of claim for negligent use of forceps by doctor). Under this standard, courts assess whether an opposing party can ascertain from the pleading the nature of the controversy, its basic issues, and the type of evidence that might be relevant. *Low v. Henry*, 221 S.W.3d 609, 612 (Tex. 2007); *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000).

## C. Texas Tort Claims Act

▮ Political subdivisions of the state, including cities, are entitled to governmental immunity unless it has been waived by statute or the constitution. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006) (op. on reh'g); *see City of Galveston v. State*, 217 S.W.3d 466, 469 (Tex. 2007). Where a government entity challenges jurisdiction on the basis of immunity, the plaintiff must affirmatively demonstrate the court's jurisdiction by alleging a valid waiver of immunity. *Ryder Integrated Logistics, Inc. v. Fayette Cnty.*, 453 S.W.3d 922, 927 (Tex. 2015) (per curiam). To determine if the plaintiff has met that burden, the court reviewing a plea to the jurisdiction will consider the facts alleged by the plaintiff and, to the extent it is relevant to the jurisdictional issue, the evidence submitted by the parties. *Dallas Area Rapid Transit v. Whitley*, 104 S.W.3d 540, 542 (Tex. 2003).

The Texas Tort Claims Act (TTCA) "provides a limited waiver of governmental immunity." *Alexander v. Walker*, 435 S.W.3d 789, 790 (Tex. 2014). Under the TTCA, a governmental unit's immunity is waived for personal injury proximately caused by the wrongful act or omission or the negligence of an employee acting within the scope of his employment if: (A) the personal injury arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and (B) the employee would be personally liable to the claimant according to Texas law. Tex. Civ. Prac. & Rem. Code Ann. § 101.021(1); *see Whitley*, 104 S.W.3d at 542.

▮ The phrase "arises from" requires a causal nexus "between the operation or use of the motor-driven vehicle or equipment and a plaintiff's injuries." *Ryder*, 453 S.W.3d at 928. The threshold for the "arising from" inquiry is "something more than actual cause [i.e., cause in fact] but less than proximate cause." *Id.* at 929. The components of proximate cause are cause in fact and foreseeability. *Id.* The test for cause in fact is whether the act or omission was a substantial factor in causing the injury, without which the harm would not have occurred. *IHS Cedars Treatment Ctr. of DeSoto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 799 (Tex. 2004). Foreseeability means the actor, as a person of ordinary intelligence, should have anticipated the dangers his negligent act created for others. *Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 478 (Tex. 1995).

▮ "Because proximate cause is ultimately a question for a fact-finder, we

need only determine whether the petition creates a fact question regarding the causal relationship" between the employee's conduct and the alleged injury. *See Ryder*, 453 S.W.3d at 928. However, the operation or use of a motor vehicle does not cause injury if it does no more than furnish the condition that makes the injury possible. *Whitley*, 104 S.W.3d at 543.

### III. TIMING OF A 91A MOTION

 Appellants' first issue complains of the lapse of time between the filing of the 91a motion and the resulting order of dismissal—roughly 159 days. A rule 91a "motion to dismiss must be ... granted or denied within 45 days after the motion is filed." TEX. R. CIV. P. 91a.3(c); *see Butt*, 495 S.W.3d at 460; *see also* TEX. GOV'T CODE ANN. § 22.004(g).[2] According to appellants, because the trial court missed this deadline, it had no authority to grant the City's 91a motion. That is, appellants argue that the 45-day deadline is jurisdictional and that missing the deadline robbed the trial court of the power to grant the motion. This presents a question of interpretation.

### A. Applicable Law

 In construing a statute, this Court's objective is to determine and give effect to the Legislature's intent. *In re Lopez*, 372 S.W.3d 174, 176 (Tex. 2012) (orig. proceeding) (per curiam). Rule 91a declares that the trial court "must" grant or deny the motion within 45 days after it is filed. TEX. R. CIV. P. 91a.3(c). Similarly, the authorizing statute requires that any resulting rule "provide that the motion to dismiss shall be granted or denied within 45 days of the filing of the motion to dismiss." TEX. GOV'T CODE ANN. § 22.004(g). When used in a statute, the terms "must" and "shall" are generally recognized as mandatory, creating a duty or obligation. *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 493 (Tex. 2001) (citing TEX. GOV'T CODE ANN. § 311.016(2)–(3) (West, Westlaw through 2015 R.S.)). In *Walker v. Owens*, the Houston First Court of Appeals applied this principle from *Helena Chemical* to rule 91a. *See* 492 S.W.3d 787, 790 (Tex. App.—Houston [1st Dist.] 2016, no pet.). The *Walker* court recognized that rule 91a's use of the word "must" creates a mandatory duty. *Id.* We agree.[3]

However, even if a statutory requirement is mandatory, this does not mean that compliance is necessarily jurisdictional. *Helena Chem.*, 47 S.W.3d at 494. When attached to a deadline, words like "must" and "shall" are plainly mandatory in the sense that the non-movant has recourse if the trial court misses the deadline for ruling on the motion, but are not necessarily jurisdictional in the sense that missing the deadline will forever strip the trial court of the power to act. *See State v. $435,000.00*, 842 S.W.2d 642, 644 (Tex. 1992) (per curiam). Rather, to determine whether the Legislature intended for a deadline to be jurisdictional, we look to the three factors set out in *Helena Chemical*: "the presence or absence of specific consequences for noncompliance," the implications "that result from each possible interpretation," and the "overall statutory objective" to be achieved. *Helena Chem.*, 47 S.W.3d at 495.

The Third and Fourteenth Courts of Appeal have held that rule 91a's deadline is not jurisdictional. *See Koenig*, 497 S.W.3d at 599; *Walker*, 492 S.W.3d at 791.

---

2. Exceptions to this 45-day deadline exist, but none apply here.

3. *But see Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied) (concluding that this deadline is "directory" rather than mandatory, and not jurisdictional).

We also conclude that rule 91a's deadline is not jurisdictional, but we do so based on an application of the *Helena Chemical* factors rather than the reasons set forth in *Koenig* and *Walker*, as we explain below.

## B. Application of *Helena Chemical* Factors to Rule 91a

### 1. No Consequences for Noncompliance

First, the Legislature prescribed no "consequences for noncompliance" with the requirement to rule on the 91a motion within 45 days. *See* TEX. R. CIV. P. 91a.3(c); *Helena Chem.*, 47 S.W.3d at 495. Courts interpreting similar statutes have "readily held" that deadlines like those in rule 91a are "mandatory, but not jurisdictional, when the statute is silent on the consequences of failure to comply." *See In re Office of Att'y Gen. of Tex.*, 264 S.W.3d 800, 807 & n.4 (Tex. App.—Houston [1st Dist.] 2008, orig. proceeding) (cataloging cases); *accord In re J.A.C.*, 362 S.W.3d 756, 760 (Tex. App.—Houston [14th Dist.] 2011, no pet.). "If the Legislature had intended dismissal to be the consequence of a failure to [act] within the prescribed period, it could easily have said so[.]" *See $435,000.00*, 842 S.W.2d at 644.

Rule 91a stands in contrast to statutes like the Texas Citizen's Participation Act (TCPA), which expressly provides that if "a court does not rule on a motion to dismiss under Section 27.003 in the time prescribed by Section 27.005, the motion is considered to have been denied by operation of law and the moving party may

appeal." TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a) (West, Westlaw through 2015 R.S.). In light of these consequences, courts have held that automatic denial of the motion follows when the trial court misses the deadline. *See, e.g., Inwood Forest Cmty. Improvement Ass'n v. Arce*, 485 S.W.3d 65, 70 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).[4]

Unlike the TCPA, rule 91a prescribes no consequences for failure to rule within the deadline. *See* TEX. R. CIV. P. 91a.3(c). The absence of any ramifications is a clear signal that the Legislature did not intend that the 45-day deadline be jurisdictional. *See Helena Chem.*, 47 S.W.3d at 495; *In re Office of Att'y Gen. of Tex.*, 264 S.W.3d at 807–08.

As a substitute recourse for missing the deadline, there is the possibility that mandamus relief is available to ensure that the trial court complies with its duty to timely rule. In *State v. $435,000.00*, the Texas Supreme Court ruled that where a statute lacked any consequences for its deadline, the mandatory deadline afforded "the parties the right to compel the trial court to hear the case promptly," and to do so by mandamus if necessary—but not by threat of automatic dismissal. 842 S.W.2d at 644. Similarly, the supreme court has specifically held that mandamus relief is available on the *denial* of a 91a motion. *In re Essex Ins. Co.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam).

### 2. Overall Statutory Objective

---

4. Similarly, former Texas Rule of Appellate Procedure 40(a)(3)(E) provided a 10-day deadline for ruling on challenges to affidavits of indigence. *See Ramirez v. Packer*, 807 S.W.2d 728, 729 (Tex. 1991) (orig. proceeding) (per curiam). At the time of the *Ramirez* decision, the rule specified the consequences for failing to meet the deadline: if the trial did not rule on a challenge to an affidavit of inability to pay within the time allowed, "the allegations of the affidavit shall be taken as true." *See id.* In light of these consequences, the supreme court held that the deadline was jurisdictional and that missing the deadline eliminated any authority for the trial court to grant the challenge or even an extension of time for the challenge. *See id.*

Following the rule of *Essex*, this Court has granted mandamus relief upon the denial of a 91a motion. *Butt*, 495 S.W.3d at 460. We emphasized that correction by mandamus was an effective way to serve the purpose of rule 91a: the "legislature's requirement for an early and speedy resolution of baseless claims." *Id.* For present purposes, this implies that construing the 45-day deadline as non-jurisdictional—but enforceable by mandamus—would further the "overall statutory objective" to be achieved by rule 91a. *See Helena Chem.*, 47 S.W.3d at 495. Mandamus to compel adherence to the deadline would only help bring an early end to frivolous litigation; removing the power to dismiss frivolous claims could prolong an empty lawsuit for years. *See id.*

### 3. Implications from Each Interpretation

The same considerations show that a non-jurisdictional view would have far better implications "result[ing] from each possible interpretation." *See id.* Moreover, "Rule 91a was intended to benefit [the movant] by the creation of an early dismissal procedure. . . ." *Walker*, 492 S.W.3d at 790 n.3. Here, the party complaining of the untimely dismissal is Reaves, the non-movant. There is little reason to believe that the Legislature or the Texas Supreme Court intended for non-movants to use harmless deviations from this deadline to avoid the dismissal of their own baseless claims. *See Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 629 (Tex. 1996) (holding, in the context of deciding whether a statutory deadline was jurisdictional, that the court was obligated "to reject interpretations which defeat the purpose of the legislation

as long as another reasonable interpretation exists"); *Walker*, 492 S.W.3d at 791.

### 4. Summary

In view of the *Helena Chemical* factors, we agree with our sister courts that rule 91a's deadline for ruling on a motion to dismiss is not jurisdictional. *See Koenig*, 497 S.W.3d at 599; *Walker*, 492 S.W.3d at 791.

### C. Conclusion

Appellants' first issue contends that because the trial court missed the 45-day deadline specified in rule 91a.3(c), the trial court had no authority to grant the City's motion. Having concluded that this deadline is mandatory but not jurisdictional, we cannot agree. Accordingly, we overrule appellants' first issue.[5]

### IV. RULE 91A MOTION AND PLEA TO THE JURISDICTION

▮▮ Appellants' second issue anticipates the City's primary argument on appeal: the City asserts that their 91a motion was, in actuality, a plea to the jurisdiction on the basis of immunity. The City reasons that any motion which raises the issue of governmental immunity is actually a plea to the jurisdiction, and because of this, any unique requirements of rule 91a do not apply to its motion. Thus, the City's appellate brief relies exclusively on numerous authorities dealing with pleas to the jurisdiction—in particular, cases finding that the plaintiff failed to prove a waiver of sovereign immunity under the TTCA. The City urges us to uphold the trial court's ruling as fully consistent with the standards for pleas to the jurisdiction.

---

5. We offer no opinion on whether a failure to comply with the 45-day deadline specified in rule 91a may result in reversible error. *Cf. Walker v. Owens*, 492 S.W.3d 787, 791 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (addressing potential forms of harmful error relating to the 45-day deadline).

In response to the City's argument, appellants assert in their second issue that the City's motion is just what it purported to be: a rule 91a motion to dismiss. Appellants insist that the motion and the resulting dismissal were not compliant with the governing standard of rule 91a. They contend that one feature in particular is incompatible with a plea to the jurisdiction: rule 91a forbids the trial court from considering any extrinsic evidence, whereas the trial court must consider evidence when ruling on a plea to the jurisdiction if necessary to resolve the jurisdictional issues raised. Similarly, appellants contend that the trial court erred by engaging in an "evidentiary inquiry related to merits of the cause of action (i.e. whether the appellants could ever produce sufficient evidence to prove the allegations) rather than [inquiring] whether the allegations were sufficient to state a cause of action."

Because appellants' second issue is a rebuttal to the City's argument, we begin by exploring the City's contentions. The City primarily relies on *City of Austin v. Liberty Mutual Insurance* to support its position that the 91a motion was actually a plea to the jurisdiction. 431 S.W.3d 817, 823 (Tex. App.—Austin 2014, no pet.). *City of Austin* held that the basis for "the Court's jurisdiction over this appeal is that here the Rule 91a motion was used to challenge the trial court's subject-matter jurisdiction and therefore effectively constitutes a plea to the jurisdiction." *Id.* at 822 n.1. The court then characterized the motion as a plea to the jurisdiction and analyzed it as such. *See id.* at 823–24. The City urges us to employ the same approach here: to disregard the label on its motion and to treat the motion as a bona fide plea to the jurisdiction, judged by the corresponding pleading standards.

Such an approach would be supported by other related precedent. For one, the Houston First Court of Appeals has disregarded the label on a 91a motion and instead treated it as a generalized motion to dismiss, though not as a plea to the jurisdiction. *See AC Interests LP v. Tex. Comm'n on Envtl. Quality*, No. 01-15-00378-CV, 2016 WL 636546, at *1 (Tex. App.—Houston [1st Dist.] Feb. 11, 2016) (mem. op.), *review granted* (Mar. 31, 2017). In *AC Interests*, the issue was that one party had not been timely served, and this issue could not be resolved by looking solely at the pleadings under rule 91a. *Id.* The court disregarded the label, noting that it "is a general principle of law that courts consider a motion based on its substance not its title." *Id.* (citing *Sierra Club v. Tex. Comm'n on Envtl. Quality*, 188 S.W.3d 220, 222 (Tex. App.—Austin 2005, no pet.)). This opinion lends indirect support to the City's position that we should disregard the label attached to its motion and review it as a plea to the jurisdiction.

For another, many courts have recognized the similarity between the standards of review for 91a motion and a plea to the jurisdiction. The Texas Supreme Court recently wrote that the "dismissal grounds under Rule 91a have been analogized to a plea to the jurisdiction, which requires a court to determine whether the pleadings allege facts demonstrating jurisdiction." *Sanchez*, 494 S.W.3d at 724–25 (citing *Wooley*, 447 S.W.3d at 75–76); *see Stedman*, 511 S.W.3d at 637–38. Such a comparison "is particularly apt" where a governmental unit brings a rule 91a motion which challenges the trial court's subject-matter jurisdiction. *Sanchez*, 494 S.W.3d at 725.

One basis for comparison is that, in reviewing a plea to the jurisdiction, courts construe the pleadings liberally in favor of the plaintiff, look to the pleader's intent, and accept as true the factual allegations in the pleadings to determine if the plead-

er has alleged facts that affirmatively demonstrate the trial court's jurisdiction over a claim. *Wooley*, 447 S.W.3d at 75; *see also Sanchez*, 494 S.W.3d at 725. We agree that this rubric is "consistent with the requirement in Rule 91a to take the allegations, together with any reasonable inferences, 'as true.'" *Wooley*, 447 S.W.3d at 75.

However, while we approve of the useful analogy between a 91a motion and a plea to the jurisdiction, we are wary of turning analogy into actuality. As Chief Justice Frost observed, the two procedures are not identical or fully interchangeable:

> [P]arties who succeed under a plea to the jurisdiction are not thereby entitled to recover their attorney's fees; successful parties under Rule 91a are entitled to attorney's fees. Pleas to the jurisdiction may be (and often are) based on evidence extrinsic to the live pleading; Rule 91a motions may not be based on such evidence. Grounds for a plea to the jurisdiction may be added for the first time on appeal; grounds for Rule 91a motions must be raised in the trial court.

*Wooley*, 447 S.W.3d at 83–84 (Frost, C.J., concurring) (internal citations omitted). "Rule 91a is unique, an animal unlike any other in its particulars." *Id.* at 84. "Because this new procedural creation differs from other procedures in its terms, benefits, and application, courts should treat it as its own kind ... lest practitioners and trial courts fall into error by tailoring their motions and rulings to meet provisions" different from those of Rule 91a. *Id.* We also note that whereas rule 91a was designed to allow for the dismissal of baseless claims, the purpose of a plea to the jurisdiction is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000).

The most critical and relevant distinction between a 91a motion and a plea to the jurisdiction is that a ruling on a 91a motion must not be based on extrinsic evidence, whereas the trial court must consider extrinsic evidence if necessary to resolve a plea to the jurisdiction. *See Wooley*, 447 S.W.3d at 83. "[I]f a plea to the jurisdiction challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issues raised, as the trial court is required to do." *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). But for a rule 91a motion, the Legislature commanded that the process of review for baseless claims shall be achieved "without evidence," *see* Tex. Gov't Code Ann. § 22.004(g), and rule 91a's directive is to solely review the pleadings. *See* Tex. R. Civ. P. 91a.6.

If we readily allowed the blending of standards for 91a motions and pleas to the jurisdiction, this could enable government defendants to "challenge[ ] the existence of jurisdictional facts" but artfully avoid any responsive evidence. *See Miranda*, 133 S.W.3d at 227. As we discuss later in this opinion, allowing the City to foreclose appellants' ability to introduce evidence would be significant here, since the City's 91a motion challenges appellants' pleadings on an issue which may be evidence-intensive and fact-specific. *See* Section V.C., *infra.*

We find the City's primary citation— *City of Austin v. Liberty Mutual Insurance*—to be distinguishable to the facts of this case. *City of Austin* held that "because the Rule 91a motion was used to challenge the trial court's subject-matter jurisdiction," the motion could be treated as a plea to the jurisdiction for all purposes, including disregarding any requirements unique to rule 91a. *See* 431 S.W.3d at 822 n.1. This holding is an extension of cases such as *Texas Department of Crimi-*

*nal Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) and *City of Houston v. Kilburn,* 849 S.W.2d 810, 812 (Tex. 1993) (per curiam). These cases hold that, for the purposes of the interlocutory appeal statute, a "plea to the jurisdiction" is any motion which raises the issue of immunity:

> The reference to "plea to the jurisdiction" [in Texas Civil Practice and Remedies Code section 51.014(a)(8) ] is not to a particular procedural vehicle but to the substance of the issue raised. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle, such as a motion for summary judgment.

*Simons,* 140 S.W.3d 338, 349. However, *Simons* and its kind are best understood as defining a "plea to the jurisdiction" only as that term is used in the interlocutory appeal statute. *See id. Simons* recognizes that the Legislature specifically modified the default rule—that an interlocutory order is not appealable—when a motion raises a claim of immunity. *See id.* But the opinion does not identify any other way in which procedural rules are altered. *See id.* That is, *Simons* does not hold that when a party includes reference to immunity in a motion, all rules which apply to that form of motion may be selectively ignored and displaced by the general standards of a plea to the jurisdiction. *See id.*[6]

If *Simons* had so held, it would disrupt the branch of precedent which deals with summary judgment on the basis of immunity. Cases in this branch have made clear that an immunity claim does not erase the established rules which apply to motions for summary judgment. For instance, in

*Miranda,* the supreme court made clear that a plea to the jurisdiction entails different deadlines than a motion for summary judgment on immunity. *See* 133 S.W.3d at 229. Likewise, in *Cameron County v. Alvarado,* this Court took it as given that the motion "must expressly state the grounds upon which it is made" and that the governmental unit carried the burden to "establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements . . . .". 900 S.W.2d 874, 879 (Tex. App.—Corpus Christi 1995, writ dism'd w.o.j.); *see also Univ. of Houston v. Clark,* 38 S.W.3d 578, 580 (Tex. 2000) (addressing Harris County's immunity via traditional summary judgment rules). Including an immunity argument does not wipe away the requirements of rule 166a, and neither should such an argument override the distinct conditions of rule 91a.

Among those conditions is rule 91a.2, which defines the required content of a 91a motion. Tex. R. Civ. P. 91a.2. It provides that the motion to dismiss must state that it is made pursuant to this rule, must identify each cause of action to which it is addressed, and must state specifically the reasons the cause of action has no basis in law, no basis in fact, or both. *Id.*

Here, the City's motion specifically stated that the motion was brought under rule 91a, addressed itself towards appellants' causes of action, and contended that these claims had no basis because the allegations rendered it impossible to state a valid waiver of immunity under the TTCA. *See id.* We are of the opinion that this case must therefore be judged under the constraints of rule 91a, since that is the procedural framework which the City's motion

---

**6.** *Simons*'s only relevance to this case is its word of caution against allowing a government unit to exploit "the procedural guise" of a plea to the jurisdiction to avoid the rules which apply to all other parties. *See Tex. Dep't of Criminal Justice v. Simons,* 140 S.W.3d 338, 349 (Tex. 2004).

invoked, upon which the appellants relied, and by which the trial court decided this case. Doing otherwise would distort the bounds of procedure for summary judgment and rule 91a, and it would foreclose a vital aspect of plea to the jurisdiction practice: the introduction of evidence. We decline to apply the rules applicable to pleas to the jurisdiction to the extent that they differ from rule 91a.[7] We will discuss the sufficiency of appellants' pleadings solely under the standards of rule 91a as they have developed.

We sustain appellants' second issue.

## V. Sufficiency Under Rule 91A

In their third issue, appellants respond that they successfully pleaded a claim with a valid "basis in law:" a claim for "personal injury ... aris[ing] from the operation or use of a motor-driven vehicle" which, appellants argue, triggered a waiver of immunity. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.021, .025. In light of this basis, appellants argue that their claims should survive under rule 91a's standard, which appellants liken to the standard of dismissal for "failure to state a claim" under federal rule 12. *See* FED. R. CIV. P. 12(b)(6).

Appellants equate this standard to the federal touchstones of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) which we discuss below. Appellants also cite the older federal standard which *Twombly* replaced: whether "it appears beyond doubt that the plaintiff can prove no set of facts to support a claim that would entitle him to relief." *Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Appellants reason that their claims have a basis in law because their petition is sufficient under the analogous standards of *Twombly, Iqbal,* and *Scanlan.*

 In comparison, the City's 91a motion argued that appellants pleaded a cause of action with no basis in law. In particular, the City's motion argued that one of the facts alleged by appellants— that it was Balboa who ran a red light and collided with appellants, not a government employee—rendered it categorically "impossible" for appellants to show that the officer's operation of the vehicle caused their injuries.[8]

7. Our determination does not foreclose the City from filing a plea to the jurisdiction, since rule 91a "is in addition to, and does not supersede or affect, other procedures that authorize dismissal." *See* TEX. R. CIV. P. 91a.9.

8. The City's motion generally asserted that appellants' "suit should be dismissed for failing to state a cause of action that has a basis in law or fact." However, the City's 91a motion did not provide any argument or explanation clearly relating to why appellants' claims lacked a basis in fact. *Cf. Wooley v. Schaffer*, 447 S.W.3d 71, 77 n.12 (Tex. App.—Houston [14th Dist.] 2014, pet. denied) ("[W]e do not construe the rule to require magic words to invoke these grounds if the arguments are *clear* from the motion." (emphasis added)). That is, the motion did not "state specifically the reasons the cause of action has ... no

basis in fact," as rule 91a required the motion to do. *See* TEX. R. CIV. P. 91a.2. "Because dismissal on the pleadings is a harsh remedy, we will strictly construe Rule 91a's notice provisions." *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.— San Antonio 2014, pet. denied). Rather, in the absence of any specific complaint or argument concerning factual basis, this aspect of the City's motion is effectively a general demurrer of the sort prohibited by rule 90. *See id.* R. 90; *Chambers v. Am. Hallmark Ins. Co. of Tex.*, 465 S.W.3d 389, 398 (Tex. App.—Corpus Christi 2015, no pet.) ("If the special exception is not specific, it is a prohibited general demurrer and should be overruled."). Thus, we will not address whether appellants' petition would be sufficient under the no-basis-in-fact standard.

To resolve this issue, we find it necessary to first address the recent development of standards under rule 91a. And because appellants support the sufficiency of their petition almost solely by reference to federal standards, we address the extent to which Texas pleading principles are similar to—or distinct from—federal practice.

## A. No-Basis-in-Law Decisions

Since rule 91a was enacted, our courts have recognized categories of cases where a claim clearly has no basis in law. The Houston First Court of Appeals summarized these categories and held that a cause of action has no basis in law under Rule 91a "in at least two situations:" (1) the petition alleges too few facts to demonstrate a viable, legally cognizable right to relief; and (2) the petition alleges additional facts that, if true, bar recovery. *Guillory v. Seaton, LLC*, 470 S.W.3d 237, 240 (Tex. App.—Houston [1st Dist.] 2015, pet. denied); *see Stallworth v. Ayers*, 510 S.W.3d 187, 190 (Tex. App.—Houston [1st Dist.] 2016, no pet.).

■ As to the first category noted by the *Guillory* court, we agree with the general substance of this observation—that inadequate content may justify dismissal of a petition—but we disagree to the extent it implies that notice-pleading is no longer the rule in Texas. *See Stedman*, 511 S.W.3d at 637–38. We apply the fair-notice pleading standard to determine whether the allegations of the petition are sufficient to allege a cause of action under rule 91a. *Id.*; *Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 660–61 (Tex. App.—Houston [14th Dist.], no. pet.). In light of the fair-notice standard, we would qualify the holding of *Guillory*: dismissal is appropriate where the plaintiff fails to provide fair notice of a legally cognizable claim for relief. *See Wooley*, 447 S.W.3d at 76.

For instance, in *DeVoll v. Demonbreun*, dismissal was upheld where the petition did not include any allegations from which the reliance or damages elements of his fraud claim could be reasonably inferred. —— S.W.3d ——, ——, 2014 WL 7440314, at *3 (Tex. App.—San Antonio 2014, no pet.). Similarly, in *Estate of Sheshtawy*, the court emphasized that the plaintiff entirely failed to plead fraud or any other theory which could allow the court to grant a revocation of the settlement which clearly blocked her path to recovery. *See* 478 S.W.3d at 87. Dismissal under 91a was therefore proper. *Id.* This category also includes a failure to plead any basis for the waiver of immunity. *See Harlan v. Tex. Dep't of Ins.*, No. 01-14-00479-CV, 2016 WL 3476914, at *2 (Tex. App.—Houston [1st Dist.] June 23, 2016, no pet.) (mem. op.).

■ As to the second category noted by the *Guillory* court, we agree that when the plaintiff's own allegations, taken as true, trigger a clear legal bar to the plaintiff's claim, the cause of action has no basis in law. *See* 470 S.W.3d at 240. Dismissal is certainly appropriate when Texas has rejected the pleaded cause of action—or has rejected the viability of that action under the circumstances pleaded by the plaintiff. *See id.*

For instance, where a plaintiff sued an insurer directly, but the pleadings showed that the plaintiff had not first secured a judgment against the insured party, the Texas Supreme Court held that the claim had no basis in law: it triggered a clear legal bar in the form of Texas's "no direct action" rule. *See Essex*, 450 S.W.3d at 525; *see also Auzenne v. Great Lakes Reins., PLC*, 497 S.W.3d 35, 38 (Tex. App.—Houston [14th Dist.] 2016, no pet.) (similar). In another case, a claim was held properly dismissed where plaintiffs sued an escrow agent for breach of fiduciary duty occur-

ring after the close of the transaction, but the controlling rule is that an escrow agent's duty extends only to closing. *See Dailey v. Thorpe*, 445 S.W.3d 785, 789 (Tex. App.—Houston [1st Dist.] 2014, no pet.). In a fourth case, dismissal was upheld where a plaintiff sought to enjoin the sale of her homestead, but acknowledged in her petition that she had signed a settlement agreement which assigned away her homestead rights, triggering a clear legal bar: waiver. *See Estate of Sheshtawy*, 478 S.W.3d at 86–87. In *Wooley*, a convicted felon sued his lawyer for various torts relating to the failure of a habeas action. 447 S.W.3d at 77. The reviewing court found no legal basis for the action, given the rule that a criminal defendant's own conduct is the sole cause of any damages flowing from her indictment and conviction, unless the conviction has been overturned. *See id.* at 77–78. Finally, the Dallas court has upheld dismissal of various claims against an attorney on grounds of immunity, reasoning that the plaintiff's allegations referred to conduct that fell "squarely within the scope" of the attorneys' immunity from civil liability to nonclients. *See Highland Capital Mgmt., LP v. Looper Reed & McGraw, PC*, No. 05-15-00055-CV, 2016 WL 164528, at *6 (Tex. App.—Dallas Jan. 14, 2016, pet. denied) (mem. op.).

▆▆▆▆ Taken together, these cases counsel that a court reviewing a petition for a basis in law should evaluate whether the plaintiff has provided fair notice of a cognizable claim for relief and whether the petition alleges facts that, if true, bar recovery. *See Guillory*, 470 S.W.3d at 240; *Wooley*, 447 S.W.3d at 76. "In short, the plaintiff must plead sufficient facts to supply a legal basis for his claim but not so much that he affirmatively negates his right to relief." *Guillory*, 470 S.W.3d at 240.[9]

### B. Appellants' Reliance on *Twombly* and *Iqbal*

Appellants' third issue is largely premised on the notion that rule 91a replaced Texas's notice pleading standard with the federal fact pleading standards in the mold of *Twombly* and *Iqbal*. *Twombly* and *Iqbal* cases revised a long-standing interpretation of pleading standards under the federal rules of civil procedure. *See* FED. R. CIV. P. 8(a)(2), 12(b)(6). Prior to *Twombly* and *Iqbal*, the Supreme Court had interpreted the federal rules as only requiring that the pleading give "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Instead, *Iqbal* directs the reviewing court to conduct a two-step inquiry to determine whether a pleading sufficiently states a claim under federal rules 8 and 12. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. First, *Iqbal* asks courts to discern between

9. In this view, rule 91a's mechanism strongly resembles the traditional practice of summary judgment on the pleadings, except enhanced with the promise of attorney's fees, a speedy resolution, and clear guidelines under the rules of civil procedure. As with rule 91a, summary judgment on the pleadings is appropriate where a party "plead[s] himself out of court; e.g., the plaintiff may plead facts which affirmatively negate his cause of action." *See Tex. Dep't of Corr. v. Herring*, 513 S.W.2d 6, 9 (Tex. 1974). Similarly, summary judgment on the pleadings is appropriate where a party has "had an opportunity, by special exception, to amend and fails to do so, or files an additional defective pleading for summary judgment review of the pleadings." *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 699 (Tex. 1994). Also as with rule 91a, summary judgment on the pleadings is reviewed "de novo, with the reviewing court taking all allegations, facts, and inferences in the pleadings as true and viewing them in a light most favorable to the pleader," and affirming summary judgment "only if the pleadings are legally insufficient." *See id.*

assertions of fact (which are entitled to credit and an assumption of truth) and "conclusory statements" and "legal conclusions" (which are not), *see id.*; that is, courts are directed to effectively disregard those allegations which are deemed conclusory or legal. *Id.* at 679, 129 S.Ct. 1937. Second, once the court has stricken any conclusory statements from its reading, the court should test whether the petition's "well-pleaded facts" state a claim for relief that is "plausible on its face." *See id.* at 678–79, 129 S.Ct. 1937. The lone guidepost for determining plausibility was to be judicial "experience and common sense." *Id.* at 679, 129 S.Ct. 1937. Thus, *Conley*'s test of fair notice was discarded in favor of *Iqbal*'s requirements of particular facts and plausible claims, *see id.* at 698–99, 129 S.Ct.

1937 (Souter, J., dissenting), the practical effect of which was to require greater factual detail and greater effort to connect those details to the elements of the cause of action, with greater variability in the resulting dismissal analysis. *See, e.g.,* Hon. Colleen McMahon, *The Law of Unintended Consequences: Shockwaves in the Lower Courts After Bell Atlantic Corp. v. Twombly*, 41 SUFFOLK U.L. REV. 851, 853–54 & 867 (2008) (relating the experiences of a district judge in applying *Twombly*).

 We cannot agree that rule 91a replaced Texas's notice pleading standard. Certain fundamental features of Texas law make it impracticable to incorporate *Iqbal*'s standard into this state's pleading requirements.[10]

---

**10.** For one, unlike the federal system, "fair notice" is not a creature of case law; it has been enshrined in the Texas Rules of Civil Procedure themselves since 1940: "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b); *see id.* R. 47(a); *see Cox v. Ekstrom*, 163 S.W.2d 845, 846–47 (Tex. Civ. App.—San Antonio 1942), *writ refused W.O.M.* (Oct. 14, 1942) (quoting a portion of rule 45(b) as identical with current version and overruling a challenge to the pleading of a negligence claim; "While the pleadings are very meager, we hold that under the new rules of pleading, as authorized by Rule[] 45 ... they were sufficient...."). In 2013, the same year that rule 91a was adopted, the Texas Supreme Court reaffirmed that "Texas is a notice pleading jurisdiction, and a petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader bases his claim." *Kopplow Dev., Inc. v. City of San Antonio*, 399 S.W.3d 532, 536 (Tex. 2013); *see In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 708 n.105 (Tex. 2015) (orig. proceeding); *In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015) (orig. proceeding).

As a result, this Court has rejected the argument that rule 91a replaced Texas's notice-pleading standards with federal fact-pleading standards. *See In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi 2016, orig. proceeding); *Stedman*, 511 S.W.3d at 637–38. Many of our sister courts have reached the same conclusion. *See Koenig v. Blaylock*, 497 S.W.3d 595, 599 (Tex. App.—Austin 2016, pet. denied); *In Estate of Sheshtawy*, 478 S.W.3d 82, 86 (Tex. App.—Houston [14th Dist.] 2015, no pet.); *see also Ramirez v. Owens*, No. 07-15-00152-CV, 2015 WL 7422890, at *1 (Tex. App.—Amarillo Nov. 19, 2015, pet. denied) (mem. op.); *Jones v. Shipley*, 508 S.W.3d 766, 771 (Tex. App.—Houston [1st Dist.] 2016, pet. filed) (Higley, J., dissenting).

A key change ushered in by *Iqbal* was isolating "conclusory statements" and refusing to give them any pull in a plaintiff's climb towards the ultimate goal of the pleading: stating a plausible claim. *See Iqbal*, 556 U.S. at 678, 129 S.Ct. 1937. However, the plain text of rule 45 prevents us from adopting this change. Under rule 45, we must not sequester any statement deemed conclusory, but must judge the petition "by the allegations as a whole." *See* TEX. R. CIV. P. 45(b). Under rule 45, the ultimate test of a sufficient pleading is not whether it offers a plausible claim to the reviewing court, but whether it provides "fair notice" to the "opponent." *Id.* And under rule 45, regardless of whether an allegation is "evidentiary" or a "legal conclusion," we are not free to discard any statement deemed conclusory in assessing whether the petition provides fair notice of a cognizable claim for relief. *See id.*

Instead, we are of the opinion that, under rule 91a, Texas standards better resemble the federal standard which preceded *Twombly* and *Iqbal*: the rule of *Conley v. Gibson*, 355 U.S. at 47, 78 S.Ct. 99. Under *Conley*, the federal criterion of fair notice resembled the pleading standard which is incorporated in the Texas Rules of Civil Procedure: "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." TEX. R. CIV. P. 45(b); *see id.* R. 47(a).

*Conley* did not authorize dismissal of a pleading "for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45–46, 78 S.Ct. 99. Many of our sister courts have directly cited the "no set of facts" test when discussing rule 91a. *See Aguilar v. Morales*, —— S.W.3d ——, ——, 2017 WL 192910, at *3 (Tex. App.—El Paso 2017, no. pet. h.); *Wooley*, 447 S.W.3d at 76; *GoDaddy.com, LLC v. Toups,* 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied); *see also Guzder v. Haynes & Boone, LLP*, No. 01-13-00985-CV, 2015 WL 3423731, at *8 (Tex. App.—Houston [1st Dist.] May 28, 2015, no pet.) (mem. op.) (citing the "no set of facts" test to the exclusion of *Twombly* and *Iqbal*).

 When reading a petition under the *Conley* standard, federal courts were generally bound to take the allegations of the complaint as true. *Gardner v. Toilet Goods Ass'n*, 387 U.S. 167, 172, 87 S.Ct. 1526, 18 L.Ed.2d 704 (1967). However, federal courts were neither bound to take "legal conclusions" as true, *see Papasan ·v. Alain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986), nor free to otherwise require plaintiffs to plead "with factual detail and particularity" so long as the allegations in the petition, taken as a whole, provided fair notice. *See generally Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164–69, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993); *see also Swierkiewicz v. Sorema, NA*, 534 U.S. 506, 514, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). Similarly, while rule 91a "requires courts to take all factual allegations in the pleadings as true, legal conclusions need not be taken as true." *Auzenne*, 497 S.W.3d at 39 n.2 (citing *Wooley*, 447 S.W.3d at 75; *City of Austin*, 431 S.W.3d at 826). At the same time, we do not require excessive detail, and regardless of whether an allegation is "evidentiary" or a "legal conclusion," we must credit the petition for any statement which has a favorable effect on the test of a sufficiently pleaded claim for relief: providing fair notice. *See* TEX. R. CIV. P. 45.

The text of rule 91a states that a "cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *See id.* 91a.1. This language mirrors one formulation of the 12(b)(6) test that was issued before *Twombly*: a "complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215, 127 S.Ct. 910,

___

Our supreme court has referred to the no-basis-in-fact standard as a "factual-*plausibility* standard." *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam) (emphasis added). However, the *Sanchez* court did not liken rule 91a to *Iqbal*, but instead compared the "factual-plausibility standard" to Texas sufficiency review. *See id.*

(citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)). Moreover, the text of rule 91a itself—that a complaint is subject to dismissal if no reasonable person could believe the facts—is somewhat inconsistent with *Iqbal*'s more rigorous directive that a claim is subject to dismissal unless the plaintiff pleads a claim which is plausible on its face. ·

166 L.Ed.2d 798 (2007). The *Jones* court issued this formulation in holding that the cause of action was subject to dismissal under rule 12(b)(6) where a plaintiff's own allegations triggered a clear legal bar to its own cause of action—e.g., "when an affirmative defense ... appears on [the] face" of the petition. *Id.* (quoting *Leveto v. Lapina*, 258 F.3d 156, 161 (3d Cir. 2001)).

It should be no surprise, then, that the forms of dismissal which have appeared in early Texas cases under rule 91a have mirrored an important line of pre-*Twombly* federal 12(b)(6) cases. Perhaps the purest application of the *Conley* "no set of facts" test is where a plaintiff "plead[s] himself out of court by alleging facts that render success on the merits impossible." *See Sparrow v. United Air Lines, Inc.*, 216 F.3d 1111, 1116 (D.C. Cir. 2000) (citing *Bennett v. Schmidt*, 153 F.3d 516, 519 (7th Cir. 1998)); *cf. Twombly*, 550 U.S. at 561, 127 S.Ct. 1955 (noting that under the narrowest reading of *Conley*, dismissal is only appropriate where a claim's "factual impossibility may be shown from the face of the pleadings"). Under this line of cases, a petition may warrant dismissal for failure to state a claim under rule 12(b)(6) when "the allegations, for example, show that relief is barred[.]" *Jones*, 549 U.S. at 215, 127 S.Ct. 910; *see Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 & 162 (2d Cir. 2003) (upholding dismissal under rule 12(b)(6) where, in pleading a claim governed in part by Texas law, the plaintiff alleged facts which established a common-law defense to their own claim "as a matter of Texas law"). In the same vein, a federal case may be dismissed when the petition alleges a claim that is not cognizable under federal law. *See, e.g., Craftmatic Sec. Litig. v. Kraftsow*, 890 F.2d 628, 638–39 (3d Cir. 1989) (upholding dismissal under 12(b)(6), reasoning that claims "essentially grounded on corporate mismanagement are not cognizable under federal law"). We find this similarity—between these pre-*Twombly* federal cases and Texas cases applying the no basis in law standard—to be instructive. *See Guillory*, 470 S.W.3d at 240.

In light of the many points of comparison between the two, we agree with those of our sister courts who have found a likeness between the principles of rule 91a and the traditional, federal "no set of facts" test under *Conley*. *See Aguilar*, ―― S.W.3d at ――, 2017 WL 192910, at *3; *Wooley*, 447 S.W.3d at 76; *GoDaddy.com*, 429 S.W.3d at 754; *see also Guzder*, No. 01-13-00985-CV, 2015 WL 3423731, at *8. As we explain in the next section, this resemblance lends some support to appellants' argument that the trial court erred in dismissing their negligence claim.

We cannot agree that *Iqbal* is now the rule in Texas, in light of *Iqbal*'s incompatibility with well-established Texas pleading principles, as well as our supreme court's continued holding that Texas remains a fair-notice state. *See Lipsky*, 460 S.W.3d at 590; *In re Mem'l Hermann Hosp. Sys.*, 464 S.W.3d 686, 708 n.105 (Tex. 2015) (orig. proceeding). We therefore cannot sustain appellants' third issue to the extent that it asks this Court to reverse dismissal based on the proxy of federal fact-pleading standards under *Iqbal*.

### C. Application

With these standards in mind, we will review de novo whether appellants' first amended petition, set out below, coheres with any basis in law:

> On or about August 4, 2012, Hayden Reaves and Billy Rochier were lawfully travelling in a 2003 Ford F150 in Corpus Christi, Texas. . . . Both Mr. Reaves and Mr. Rochier were wearing their seatbelts while they were traveling south-

bound on the 400 block of Crosstown Access, when Plaintiffs' vehicle was suddenly, violently, and without warning struck directly on the passenger's side by a vehicle driven by Defendant Kimberly Balboa, who ran a red light at the intersection of Agnes Street while fleeing from a Corpus Christi Police Department patrol car operated by Officer Jorge Fernandez. Plaintiffs would show that sovereign immunity has been waived in the instant case under TEX. CIV. PRAC. & REM. CODE § 101.021(1)(A)–(B) because: (1) at the time of the collision in question, Officer Jorge Fernandez, was acting within the scope of his employment with Defendant CITY OF CORPUS CHRISTI; (2) Plaintiffs' personal injury claims arise from Officer Jorge Fernandez's negligent operation and use of a motor-driven vehicle; and (3) Mr. Fernandez would be personally liable to Plaintiffs under Texas law. Further, Officer Fernandez recklessly and without regard for public safety, initiated and continued pursuit of Defendant Kimberly Balboa in a high speed chase which resulted in the violent collision with the Plaintiffs' vehicle. Officer Fernandez'[s] negligent operation and use of his motor-driven patrol unit proximately caused the collision and severe personal injuries to Plaintiffs as set forth below. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence and negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiffs suffered and which Plaintiffs will continue to suffer in the future, if not for the remainder of their natural lives.

Later in the petition, appellants alleged that Officer Fernandez breached a duty owed to appellants to exercise ordinary care in the operation of the vehicle he was driving, failed to keep a proper lookout or such lookout, drove at a rate of speed which was greater than that which an ordinary person would have driven under similar circumstances, and he entered into "a reckless high speed pursuit with wonton [sic] disregard for the public's safety." The petition further alleged that these negligent actions were causally responsible for appellants' specified injuries.

The City's 91a motion contended that these allegations triggered a per se rule which makes it impossible for appellants to demonstrate the causal nexus required under TTCA. *See* TEX. CIV. PRAC. & REM. CODE ANN. 101.021(1). The City claims that such a per se rule is demonstrated, foremost, in *Teague v. City of Dallas*, 344 S.W.3d 434, 439 (Tex. App.—Dallas 2011, pet. denied). There, Dallas law enforcement initiated a high speed chase of a vehicle, which continued for several minutes at speeds exceeding ninety miles per hour, and which also included the running of red lights. *Id.* at 436. The driver of the fleeing car made a sharp turn, lost control of his car, and collided with a vehicle in the opposite lane. *Id.* When the passenger of the fleeing car sued Dallas County and the City of Dallas, the trial court granted a plea to the jurisdiction, *id.* at 437, which was upheld on appeal. *Id.* at 439; *see also Williams v. City of Baytown*, 467 S.W.3d 566, 574–75 (Tex. App.—Houston [1st Dist.] 2015, no pet.) (similar); *Lopez v. Escobar*, No. 04-13-00151-CV, 2013 WL 4679062, at *5 (Tex. App.—San Antonio Aug. 28, 2013, no pet.) (mem. op.) (similar).

The facts of *Teague* are highly similar to the case at hand. But rather than supporting the City's argument, we are of the view that *Teague* undercuts it. The critical analysis in *Teague* comes not just from the plaintiff's pleading and the resulting application of a per se rule against causation, but from evidence introduced at a

hearing on the plea to the jurisdiction. *See* 344 S.W.3d at 436. The appellate court emphasized the record evidence that the patrol cars did not pull up beside the driver's vehicle or attempt to bump it, that none of the officers directed the driver to exit at the intersection where he made his fateful swerve, and that they had not attempted to create a roadblock or to force the driver's vehicle off the road. *Id.* It was this evidence, weighed in a fact-sensitive manner, which formed the predominating basis of *Teague*'s dismissal, not a per se rule against causation that would render any similar claim to be intrinsically baseless. *See id.* at 439; *see also Williams*, 467 S.W.3d at 577 ("An examination of the evidence adduced in the plea proceeding shows no causal nexus between the spike strip deployment and the plaintiffs' injuries."); *Lopez*, 2013 WL 4679062, at *5 ("However, the undisputed evidence, viewed in the light most favorable to Escobar, does not support her factual assertions."). "While we recognize that police pursuit is often important and necessary in apprehending criminals posing a danger to our society, we cannot … conclude that all chases are reasonable no matter what the circumstances." *Travis v. City of Mesquite*, 830 S.W.2d 94, 99 (Tex. 1992) (plurality op.); *see id.* at 104 (Cornyn, J., concurring) (concluding that fact issues remained on official immunity where officers gave chase as a suspect bolted from a parking lot and began driving the wrong way on a highway, resulting in a collision); *see also Clark*, 38 S.W.3d at 580. No such evidence is before the Court, and even if it were, rule 91a does not allow this Court to

address anything other than an appellants' petition, *see Butt*, 495 S.W.3d at 461, or to assume anything other than the best of that petition. *See Estate of Sheshtawy*, 478 S.W.3d at 86.

Instead, liberally construing appellants' petition according to the pleaders' intent, we must conclude that the trial court erred in dismissing the lawsuit as entirely—and incurably—without a legal basis. *See id.* Appellants provided fair notice of a cause of action that is cognizable under Texas law: allegations that, when taken as true, would correspond to relief sounding in negligence, *see Stedman*, 511 S.W.3d at 637–38, and a path towards that relief under the TTCA's waiver of immunity for personal injuries arising from the use of a motor-driven vehicle. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(1); *Ryder*, 453 S.W.3d at 928. Appellants' petition would enable the City to ascertain the nature of the controversy, its basic issues, and the type of evidence that might be relevant. *See Low*, 221 S.W.3d at 612; *Horizon/CMS*, 34 S.W.3d at 896. Given this fair notice, and in the absence of allegations which, taken as true, trigger a clear bar to the plaintiff's claim, we cannot agree that the claim had no basis in law. *See Guillory*, 470 S.W.3d at 240; *Wooley*, 447 S.W.3d at 76.[11] This fairly-noticed claim may yet be borne out by evidence of some "set of facts," *see GoDaddy.com*, 429 S.W.3d at 754, which entitle appellants to relief. *See Ryder*, 453 S.W.3d at 929; *Pruett v. City of Amarillo*, 947 S.W.2d 718, 722 (Tex. App.—Amarillo 1997, writ denied) (finding that in pursuing a drunk driver, evidence showed officer took certain actions which created a fact issue as to causation and

---

11. *See also Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974) *abrogated on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800, 814–15, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982) (reversing dismissal on grounds of immunity at the pleading stage, reasoning that because the plaintiffs had pro-

vided fair notice under *Conley* and had not triggered a per se bar, plaintiffs were entitled to present evidence on the immunity challenge; "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

thus immunity); *cf. Teague*, 344 S.W.3d at 439 (emphasizing forms of evidence which could have substantiated negligent causation in police chase); *Muniz v. Cameron Cnty.*, No. 13-10-00689-CV, 2012 WL 1656326, at *2 (Tex. App.—Corpus Christi May 10, 2012, pet. denied) (mem. op.) (same).

Accordingly, we sustain appellants' third issue.

## VI. Appellants' Other Claims

The City's 91a motion did not mention appellants' direct claims against the City for negligent entrustment, negligent hiring and/or screening of driver qualifications, negligent training and supervision, negligent retention, negligent contracting, and negligent maintenance. Nonetheless, the trial court ordered that Plaintiff take nothing against the City and that appellants' suit against the City be dismissed in its entirety, with prejudice. On appeal, appellants do not mention these claims or protest their dismissal. Accordingly, "nothing is presented for our review" concerning these claims, and we will not address their dismissal. *See Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 820 (Tex. App.—Corpus Christi 2009, pet. denied); Tex. R. App. P. 47.1.

## VII. Conclusion

We reverse the trial court's order granting the dismissal of appellants' cause of action against the City for the alleged negligence and/or recklessness of Officer Fernandez and the potential waiver of immunity under Texas Civil Practice and Remedies Code section 101.021, and we remand that cause of action to the trial court for further consideration consistent with this opinion.