

NUMBER 13-19-00202-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

DR. TIBOR TOTH, DMD, D/B/A
TOTH PEDIATRIC DENTISTRY,                                              Appellants,

v.

YERIDIA MARTINEZ,                                                        Appellee.

On appeal from the 444th District Court
of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Perkes
Memorandum Opinion by Justice Longoria**

Appellee Yeridia Martinez filed suit against appellant Tibor Toth, DMD D/B/A/ Toth

Pediatric Dentistry (Toth), alleging assault and battery, intentional inflection of emotional

distress, hostile work environment, and sexual harassment.  Toth filed a Rule 91a motion

to dismiss, which the trial court denied. By one issue on appeal, Toth argues that the trial court erred by denying his motion to dismiss. We affirm.

## I. BACKGROUND

According to Martinez, she began working for Toth as a dental assistant in June 2017. On April 20, 2018, Martinez filed suit against Toth based on "lewd and unwarranted verbal and physical assaults" that occurred between January and March 2018. Martinez asserted four causes of actions against Toth: (1) assault and battery, *see* TEX. PENAL CODE ANN. § 22.01(a); (2) intentional infliction of emotional distress, *see Twyman v. Twyman*, 855 S.W.2d 619, 622 (Tex. 1993) (recognizing the tort of intentional infliction of emotional distress in Texas); (3) hostile work environment, *see* TEX. LAB. CODE ANN. § 21.051; and (4) sexual harassment, *see id.*

On May 4, 2018, Toth simultaneously filed an answer and a Rule 91a motion to dismiss. *See* TEX. R. CIV. P. 91a (providing for the expedited dismissal of baseless causes of action). In January of 2019, the trial court held a docket control conference with both parties and set a bench trial for April 23, 2019. On March 25, 2019, the trial court set a hearing on Toth's motion to dismiss for April 3, 2019. On April 2, 2019, Toth requested that the hearing be rescheduled based on a scheduling conflict. On April 12, 2019, without a hearing, the trial court denied Toth's motion to dismiss.

On April 19, 2019, Toth filed "Defendant's Good Cause or Reason to Move for Continuance on Bench Hearing." On the same day, Toth filed a notice of appeal regarding the trial court's denial of his Rule 91a motion to dismiss. On April 23, 2019, Martinez appeared ready for trial, but Toth failed to appear. The trial court denied Toth's motion

2

for continuance and entered judgment in favor of Martinez, awarding her $75,000. Toth did not appeal the trial court's final judgment.

## II. RULE 91A MOTION TO DISMISS

In his sole issue, Toth argues that the trial court erred by denying his Rule 91a motion to dismiss.

### A. Standard of Review and Applicable Law

A party "may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1. We perform a de novo review of the trial court's ruling on a Rule 91a motion to dismiss. *In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "Though Rule 91a is not identical to Federal Rule of Civil Procedure 12(b)(6), several Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on case law interpreting Rule 12(b)(6) in applying Rule 91a." *Id.* A petition is sufficient as long as it gives "fair and adequate notice of the facts upon which the pleader bases his claim." *Id.*; *see Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). In conducting our review, we liberally construe the pleadings in the plaintiff's favor and we accept the factual allegations in the pleadings as true. *Id.*

### B. Analysis

We conclude the trial court did not err in denying Toth's motion to dismiss.[1] In her petition, Martinez asserted that she worked for Toth as a dental assistant. Martinez pleaded the following facts:

---

[1] We note that if a trial court either denies a Rule 91a motion to dismiss or fails to rule on it within forty-five days, the proper remedy is mandamus, not interlocutory appeal. *See In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). In the present case, the trial court denied Toth's Rule 91a motion to dismiss on April 12, 2019. Toth filed his notice of appeal on April 22, 2019. Final

a) On or about January 4, 2018 at approximately 10:30 p.m., Defendant Facetimed Plaintiff. Plaintiff did not answer the call as she did not know the number. The next day at work, January 5, 2018, Defendant brought up the Facetime call to Plaintiff and said, "I called you last night. Did a picture of me pop up?" Plaintiff responded, "Why would I have a picture of you?" Defendant then told Plaintiff, "You need to have a picture of me on your phone." This incident was reported to Belia Ybarra, office manager, via Sexual Harassment/Inappropriate Conduct form on January 9, 2018.

b) On or about March 14, 2018 at approximately 3:45 p.m., Upon [sic] the completion of working on a patient, Plaintiff walked into a hallway to stretch her back. Defendant unknowingly walked into the area in which Plaintiff was stretching. Defendant abruptly got behind Plaintiff and Defendant placed his hands on Plaintiff's lower back in attempt to massage her back asking if she needed help in stretching. This was done in front of patients and in front of a student completing externship hours.

c) On or about March 15, 2018 at approximately 4:00 p.m., student intern from TSTC, Suhaily Figueroa, filed an incident report wherein she witnessed Defendant Toth get behind Plaintiff and place both of his hands on Plaintiff's lower back. Witness Figueroa reported that Defendant's hands were attempting to go to the top of Plaintiff's bottom and Defendant asked Plaintiff, "Do you need help?" Witness Figueroa additionally reported that Defendant did not know she was present and upon Defendant's unwanted touching Plaintiff appeared to be in complete shock. Ms. Figueroa additionally reported this incident to her professor at TSTC and the school has since terminated their contract with Toth Pediatric Dentistry.

d) On or about March 15, 2018, Plaintiff sought medical assistance from BHS Physicians Network, INC. located at 707 W. Sesame Dr., Harlingen, Texas 78550. Plaintiff was diagnosed with a mixed anxiety and depressive disorder. Pursuant to Plaintiff's diagnoses, Plaintiff was prescribed medication and given a counseling referral to CCI Counseling Centers International located at 1001 E. Tyler Ave., Harlingen, Texas 78550.

e) On or about March 15, 2018, Plaintiff gave an official resignation letter to Defendant Toth as she could no longer endure his lewd and unwarranted sexual harassment.

---

judgment was then signed on April 24, 2019. Even though Toth's notice of appeal was filed prematurely, this appeal is properly before us now that a final and appealable judgment has been entered. *See* TEX. R. APP. P. 27.1, 27.2.

4

f) On or about March 19, 2018, Plaintiff filed a complaint with the Texas State Board or Dental Examiners (TBSDE) against Defendant Toth. Said complaint is currently in the preliminary investigation process.

On appeal, Toth argues vaguely that Martinez "failed to produce sufficient evidence to meet the required showing pursuant to FRCP 12(b)(6) (and Rule 91a motion)." The only specific complaint Toth raises on appeal is that "the trial court failed recognize [sic] that the only alleged physical contact that is the basis for her claims was admittedly done without the requisite intent, and in-fact, the physical contact was unknowingly done." According to Toth, Martinez admitted that the physical contact on March 14, 2018 was committed "unknowingly"; thus, Toth claims that Martinez thereby admitted that Toth acted "without the requisite intent." However, assault can be committed knowingly, recklessly, or intentionally. *See* TEX. PENAL CODE ANN. § 22.01; *Hall v. Sonic Drive-In of Angleton, Inc.*, 177 S.W.3d 636, 650 (Tex. App.—Houston [1st Dist.] 2005, pet. denied). Additionally, Toth's motion fails to even address the conduct that allegedly occurred on January 4, 2018, which is part of the basis for Martinez's claims. We conclude that Martinez's petition gave Toth fair and adequate notice of the facts upon which Martinez based her claims such that Toth could prepare a defense. *See Reaves*, 518 S.W.3d at 600; *In re Butt*, 495 S.W.3d at 461. We overrule Toth's sole issue.

### III. CONCLUSION

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
3rd day of October, 2019.

5