

## NUMBER 13-19-00018-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI – EDINBURG

---

ISAAC MONTES,                                                      Appellant,

v.

OVERHEAD DOOR CORPORATION,
RANDALL FURBAY, INDIVIDUALLY
AND AS OVERHEAD MANAGEMENT
AND JANE DOE, INDIVIDUALLY
AND AS OVERHEAD MANAGEMENT,                          Appellees.

---

On appeal from the 444th District Court
of Cameron County, Texas.

---

## MEMORANDUM OPINION

**Before Justices Benavides, Longoria, and Perkes**
**Memorandum Opinion by Justice Longoria**

Appellant Isaac Montes filed suit against appellees Overhead Door Corporation,

Randall Furbay, and Jane Doe (collectively, Overhead), alleging defamation. Overhead

filed a Rule 91a motion to dismiss. By five issues, which we condense into three, Montes argues that the trial court erred by: (1) granting Overhead's motion to dismiss even though it did not address the causes of actions raised in his live petition, Overhead did not refute Montes's "with malice" allegation, and Overhead did not address the constitutionality of Texas Labor Code § 301.074; (2) improperly denying his "right to freedom of association in legal proceedings"; and (3) partaking in ex parte communications with Overhead. We affirm.

## I. BACKGROUND

In March 2018, Montes worked for Overhead for about three days. According to Overhead, Montes was terminated for failing to perform his job duties; Montes asserts that Overhead falsely accused him of "not being qualified for [the] job as a way to cover-up discrimination based on National Original [sic]." Montes filed suit against Overhead on August 17, 2018, alleging defamation per se—based on a statement Overhead allegedly made to the Texas Workforce Committee (TWC) during Montes's unemployment compensation proceeding—and fraudulent inducement into an arbitration agreement.

On September 14, 2018, Overhead filed a Rule 91a motion to dismiss on the grounds that Texas Labor Code § 301.074 provides absolute immunity for statements made during a TWC hearing. *See* TEX. LABOR CODE ANN. § 301.074 ("An oral or written statement made to the commission or to an employee of the commission in connection with the discharge of the commission's or the employee's duties under Subtitle A may not be the basis for an action for defamation of character."). The motion was set to be heard on October 10, 2018.

2

On September 21, 2018, Montes filed an amended petition, alleging that Overhead acted "with malice" in regard to the allegedly defamatory statements made to the commission. On September 28, 2018, Montes filed a "motion to allow for unpaid advocate non-lawyer" to appear for him at the hearing. The motion requested that Robert Wightman-Cervantes, an individual not currently licensed to practice law, be permitted to speak for Montes in court. On October 1, 2018, Montes filed another amended petition, adding an allegation that Overhead acted "with malice" in making statements before the TWC. The motion to dismiss hearing on October 10, 2018 was reset for October 17, 2018. Montes subsequently filed a motion for continuance on the basis that Wightman-Cervantes was going to be unavailable. Montes filed a third petition, which alleged that § 301.074 was unconstitutional. *See* TEX. LABOR CODE ANN. § 301.074.

On October 17, 2018, the trial court heard all motions before it and: (1) denied Montes's motion to allow representation by an unpaid advocate non-lawyer; (2) denied Montes's motion for continuance; and (3) granted Overhead's motion to dismiss. This appeal ensued.

## II. RULE 91A MOTION TO DISMISS

### A. Standard of Review and Applicable Law

We perform a de novo review of the trial court's ruling on a Rule 91a motion to dismiss. *In re Butt*, 495 S.W.3d 455, 461 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.). "Though Rule 91a is not identical to Federal Rule of Civil Procedure 12(b)(6), several Texas Courts of Appeals have interpreted Rule 91a as essentially calling for a Rule 12(b)(6)-type analysis and have relied on case law interpreting Rule 12(b)(6) in applying Rule 91a." *Id.*

3

Rule 91a allows a party to move for dismissal on the grounds that a cause of action has no basis in law or fact. *See City of Dallas v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a. A petition is sufficient as long as it gives "fair and adequate notice of the facts upon which the pleader bases his claim." *In re Butt*, 495 S.W.3d at 461; *see Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 602 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.). In conducting our review, we liberally construe the pleadings in the plaintiff's favor, and we accept the factual allegations in the pleadings as true. *Reaves*, 518 S.W.3d at 604.

## B. Analysis

In his first issue, Montes argues that the trial court erred in granting Overhead's motion to dismiss. More specifically, Montes asserts that the trial court should not have granted the motion to dismiss because: (1) Overheard never filed amended motions to dismiss after Montes filed amended petitions and never addressed Montes's causes of actions for fraudulent inducement and detrimental reliance; (2) Overhead did not specifically attack the allegation that the alleged defamatory statements were made "with malice"; and (3) Overheard never addressed the constitutionality of § 301.074. *See* TEX. LABOR CODE ANN. § 301.074.

### 1. Additional Claims

First, Montes argues that "the trial court never dismissed the live pleading known as the third amended petition . . . thereby committing error by dismissing a non-existed

4

[sic] lawsuit." Overhead filed its motion to dismiss after Montes's first petition. After Overhead filed its motion to dismiss, Montes filed an amended petition, and subsequently filed a final amended petition; however, Overhead never filed an amended motion to dismiss. Thus, Montes argues that there is no motion to dismiss his live pleading. Additionally, Montes asserts that Overhead's motion to dismiss "does not address the fraudulent inducement, the detrimental reliance[,] nor the constitutional challenge on the immunity issue. It also did not address the defamation was done with malice [sic]." Therefore, because Overhead did not file any amended motions to dismiss or address all the causes of actions, Montes asserts that the trial court erred by granting the motion to dismiss.

However, Montes has not provided, and we have not found, any authority stating that the movant must file an amended motion to dismiss if the non-movant files an amended petition. To the contrary, at least one court has upheld the trial court's granting of a Rule 91a motion to dismiss despite the movant failing to file an amended motion to dismiss. *See Gonzales v. Dall. County Appraisal Dist.*, No. 05-13-01658-CV, 2015 WL 3866530, at *4 (Tex. App.—Dallas June 23, 2015, no pet.) (mem. op.). Ultimately, whether dismissal was proper "depends solely on the pleading of the cause of action." *Sanchez*, 494 S.W.3d at 724 (quoting TEX. R. CIV. P. 91a).

Concerning the detrimental reliance cause of action, Montes never asserted this cause of action in any of his petitions. Montes asserted detrimental reliance for the first time in his motion for new trial. Therefore, this cause of action was not properly presented or preserved. *See* TEX. R. APP. P. 33.1.

5

Concerning Montes's fraudulent inducement cause of action, Overhead argues that it, along with Montes's defamation claim, is preempted by the Texas Labor Code.[1] *See* TEX. LABOR CODE ANN. § 21.051. According to Overhead, Chapter 21 of the Texas Labor Code forecloses Montes's claims for fraudulent inducement and defamation because they are predicated on the underlying facts surrounding the discrimination allegation. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 802 (Tex. 2010) ("Where the gravamen of a plaintiff's case is [Texas Labor Code Chapter 21]–covered harassment, the Act forecloses common-law theories predicated on the same underlying sexual-harassment facts."); *City of Waco v. Lopez*, 259 S.W.3d 147, 156 (Tex. 2008) (concluding that even though plaintiff did not invoke Chapter 21 in his pleadings, the plaintiff's suit for retaliation involving racial discrimination should be dismissed because "his claim falls squarely within "[Chapter 21's] ambit"); *Pruitt v. Int'l Ass'n of Fire Fighters*, 366 S.W.3d 740, 750 (Tex. App.—Texarkana 2012, no pet.) (concluding that the plaintiff's claims were preempted by Chapter 21 because the gravamen for his intentional infliction of emotional distress, breach of fiduciary duty, and tortious interference with employment relationship claims was racial discrimination). We agree with Overhead.

Similar to *Pruitt*, "we must decide whether the gravamen of his complaint is racial discrimination." 366 S.W.3d at 750. Montes's petition states the following regarding his fraudulent inducement claim:

> Fraudulent inducement into Arbitration Agreement. First and foremost the Arbitration agreement does not apply to individual employees of the company. Second in exchange for agreeing to the Arbitration Overhead

---

[1] Overhead argues that based on Montes's communications with Overhead's counsel, Montes's "sole claim is for defamation." For example, Montes's live petition is titled "Third Amended Plaintiff's Original Petition for Defamation Per Se and Defamation." Additionally, in his response to Overhead's motion to dismiss, Montes does not assert that he was claiming fraudulent inducement. Out of an abundance of caution, we will address it.

promised protections against discrimination and arbitrary and capricious actions by management. Overhead knew its promise was false and held out same out for the sole purpose of inducing new hires to agree to arbitration.

Montes's defamation claim and his fraudulent inducement claim both revolve around the same underlying allegation: Overhead purportedly terminating Montes for failing to perform work duties, when in reality, it was an act of racial discrimination. We conclude that the facts giving rise to Montes's common-law causes of action are "inextricably intertwined with the facts giving rise to complaints that could have been resolved through Chapter 21's administrative procedures." *Id.*

### 2. Actual Malice

Second, Montes argues the trial court erred by granting the motion to dismiss because Overhead has not refuted the allegation of malice. However, it is irrelevant whether or not Overhead's alleged defamatory statements were made with malice. Statements made pursuant to § 301.074 are absolutely privileged and cannot support a defamation claim. *See* TEX. LABOR CODE ANN. § 301.074; *see also Linan v. Strafco, Inc.*, No. 13-05-027-CV, 2006 WL 1766204, at *3 (Tex. App.—Corpus Christi–Edinburg June 29, 2006, no pet.) (mem. op.). Thus, Overhead's alleged statements to the committee cannot support Montes's defamation claim, regardless of the presence of actual malice. Therefore, Overhead was not required to address Montes's malice allegation.

### 3. Constitutionality of § 301.074

Third, Montes claims that Overhead failed to address Montes's cause of action challenging the constitutionality of § 301.074 and that, accordingly, "the trial court erred by presumptively finding Texas Labor Code 301.074 constitutional when in fact no motion on same was ever filed." First, as we also discussed above, Rule 91a is a vehicle by

7

which a party may seek to dismiss causes of action with no basis in law or fact. *See* Tex. R. Civ. P. 91a; *Sanchez*, 494 S.W.3d at 724. Challenging § 301.074 was not a new cause of action that Montes needed to dismiss; rather, it was a response to Overhead's reliance on § 301.074 for absolute immunity for its statements allegedly made during an unemployment compensation hearing. *See* Tex. R. Civ. P. 91a; *Sanchez*, 494 S.W.3d at 724.

Additionally, as we discussed above, it is true that Overhead did not file an amended motion to dismiss after Montes challenged the constitutionality of § 301.074 in his amended petition. *See* Tex. Labor Code Ann. § 301.074. However, "[t]he burden rests upon the individual who challenges the statute to establish its unconstitutionality." *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). Moreover, presuming the constitutionality of § 301.074 is exactly what the trial court was supposed to do. *See id.* ("Whenever we are confronted with an attack upon the constitutionality of a statute, we presume that the statute is valid and that the Legislature has not acted unreasonably or arbitrarily."). Montes presents no arguments on appeal as to why § 301.074 is unconstitutional.

The trial court did not err in granting Overhead's motion to dismiss. We overrule Montes's first issue.

### III. Freedom of Association

In his second issue, Montes argues that the trial court violated his freedom of association in legal proceedings. Montes sought to have Wightman-Cervantes, a non-lawyer, represent him at court proceedings. Montes has cited multiple cases arguing that an individual is entitled to representation by an attorney. However, Montes cites no

8

authority, and we find none, for the proposition that a layperson is entitled to representation from another layperson. *Cf. Paselk v. Reynolds,* 293 S.W.3d 600, 605 (Tex. App.—Texarkana 2009) ("[A]lthough a layperson has the right to represent themselves, a layperson does not have the right to represent others."). We overrule his second issue.

## IV. Ex Parte Communication

In his third issue, Montes argues that the record clearly reflects that Overhead conducted ex parte hearings with the trial court to reschedule the hearing date. However, Montes cites no case law or any other authority concerning ex parte hearings, nor does Montes discuss how the alleged ex parte hearings caused him any harm. We find this issue to be inadequately briefed. *See* Tex. R. App. P. 38.1(i). We overrule Montes's third issue.

## V. Conclusion

We affirm the judgment of the trial court.

NORA L. LONGORIA
Justice

Delivered and filed the
14th day of November, 2019.

9