

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00279-CV

_____

LETTIE MICHELE FERGUSON, Appellant

V.

ASHLEY SELF, Appellee

On Appeal from County Court at Law No. 2
Wise County, Texas
Trial Court No. CV-8632

Before Birdwell, Bassel, and Womack, JJ.
Per Curiam Memorandum Opinion

**MEMORANDUM OPINION**

Appellant Lettie Michele Ferguson appealed an order declaring that she was able to pay court costs and an appeal bond in her eviction case.[1]

"As a general rule, appeals may be taken only from final judgments." *Sabre Travel Int'l, Ltd. v. Deutsche Lufthansa AG*, 567 S.W.3d 725, 730 (Tex. 2019). "Unless a statute authorizes an interlocutory appeal, appellate courts generally only have jurisdiction over final judgments." *CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011).

We notified Ferguson of our concern that we lack jurisdiction because the order being appealed was not a final judgment, *see Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001), or an appealable interlocutory order, *see generally* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a), and because the rules applicable to eviction suits did not otherwise provide a mechanism for appeal of such an order. *See* Tex. R. Civ. P. 500.3(e), 510.9; *Redlich v. Ranch*, No. 02-14-00390-CV, 2015 WL 226038, at *1 (Tex. App.—Fort Worth Jan. 15, 2015, no pet.) (per curiam) (mem. op.); *see also Brown v. Hawkins*, No. 05-16-01427-CV, 2018 WL 1312467, at *4 (Tex. App.—Dallas Mar. 14, 2018, no pet.) (mem. op.). We warned that we could dismiss the appeal absent a response showing

---

[1]Ferguson also filed in this court a "Motion to Review denial of statement of inability to pay." "[I]t is a general principle of law that courts consider a motion based on its substance not its title." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 604 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.) (internal quotation omitted). Based on its substance, Ferguson's motion appears to be yet another notice of appeal, and we construe it as such. *See, e.g.*, *Williams v. Williams*, No. 01-16-00972-CV, 2017 WL 976060, at *1 (Tex. App.—Houston [1st Dist.] Mar. 14, 2017, no pet.) (per curiam) (mem. op.).

grounds for continuing the appeal. We received a response, but it did not show grounds for continuing the appeal.[2]

We therefore dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f).

Per Curiam

Delivered: October 14, 2021

---

[2]For example, Ferguson argued, "While most orders are not appealable, I feel this one is because certain interlocutory orders can still be challenged in appeal against decree on the ground that such orders are of such character as would alter the decision of the court on merits and hence, can be challenged."