

# NUMBER 13-22-00261-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**JESUS CASTILLO,**                                                                          **Appellant,**

**v.**

**COASTAL BEND CANCER CENTER,**                                              **Appellee.**

## On appeal from the County Court at Law No. 1
## of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Silva**
**Memorandum Opinion by Justice Silva**

Appearing pro se, appellant Jesus Castillo challenges the trial court's Rule 91a dismissal of his defamation suit against appellee Coastal Bend Cancer Center (CBCC). *See* TEX. R. CIV. P. 91a. We affirm.

## I.    BACKGROUND

On February 3, 2022, Castillo filed a lawsuit setting forth a single cause of action of defamation. Castillo alleged that CBCC had defamed him by identifying him as "ugly and rude to all [s]taff members" and declining to accept him as a patient on this basis. Castillo's petition did not specify the means by which the alleged defamatory statement was published. CBCC's timely original answer and general denial followed. On March 14, 2022, CBCC filed a motion to dismiss pursuant to Texas Rule of Civil Procedure 91a, asserting that Castillo's claim has "no basis in law or fact" because he failed to plead facts that could support every element of his claim for defamation. *See id.* On the same day, Castillo filed a motion for summary judgment.

In response to CBCC's motion, Castillo identified the alleged defamatory statement as CBCC's characterization of him as being "rude and ugly with all staff member[s]"; asserted that the statement was untrue "because [it] is impossible that [he] can be rude and ugly with the [sic] all dozens of [CBCC's] staff member[s]"; and claimed the statement injured him because it was "[e]mbarrassing to a bunch of third persons" and affected his reputation and ability to promptly receive medical care. The trial court held two hearings on the parties' motions before granting CBCC's Rule 91a motion and dismissing the suit. This appeal followed.

## II.    DISCUSSION

Rule 91a governs the dismissal of baseless causes of action and provides that "[a] cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1. We perform a de novo review of a trial court's ruling on a Rule 91a

motion to dismiss. *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021); *see In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding) ("[W]hether a defendant is entitled to dismissal under the facts alleged is a legal question.").

In ruling on a Rule 91a motion, the trial court "must decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits permitted by the rules of civil procedure." *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 599 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); *see San Jacinto River Auth.*, 627 S.W.3d at 628. "To survive a Rule 91a challenge to its pleadings, a plaintiff must make more than 'threadbare recitals of the elements of his cause of action, supported by mere conclusory statements.'" *1st & Trinity Super Majority, LLC v. Milligan*, No. 08-20-00230-CV, 2022 WL 2759049, at *7 (Tex. App.—El Paso July 14, 2022, no pet.) (quoting *Ruth v. Crow*, No. 03-16-00326-CV, 2018 WL 2031902, at *5 (Tex. App.—Austin May 2, 2018, pet. denied) (mem. op.)). With these principles in mind, we examine the elements of Castillo's sole cause of action: defamation.

Defamation is a tort that may occur orally (slander) or in written or graphic form (libel). *Dall. Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623–24 (Tex. 2018); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001 (defining "libel" as "defamation expressed in written or other graphic form that tends to . . . injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation"). To establish a claim for defamation, a plaintiff must allege and prove as follows: (1) a statement of fact to a third party was publicized; (2) the statement concerned him and was defamatory; and (3) as

3

relevant here, the statement was made with negligence. *Dall. Morning News, Inc. v. Hall*, 579 S.W.3d 370, 377 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015) (orig. proceeding) (explaining that the requisite degree of fault element turns on whether the person allegedly defamed is a private individual or a public figure, and a private individual need only prove negligence). The plaintiff must also plead and prove damages unless the statements at issue are defamatory per se—that is, the statements "are so obviously harmful that general damages may be presumed." *In re Lipsky*, 460 S.W.3d at 593; *see also Pension Advisory Grp., Inc. v. Fid. Sec. Life Ins. Co.*, No. 13-18-00620-CV, 2020 WL 1181256, at *4 (Tex. App.—Corpus Christi–Edinburg Mar. 12, 2020, no pet.) (mem. op.). "[C]ommunication that is merely unflattering, abusive, annoying, irksome, or embarrassing, or that only hurts a person's feelings, is not actionable." *MVS Int'l Corp. v. Int'l Advert. Sols., LLC*, 545 S.W.3d 180, 202 (Tex. App.—El Paso 2017, no pet.); *see Chehab v. Edgewood Dev., Ltd.*, 619 S.W.3d 828, 836 (Tex. App.—Houston [14th Dist.] 2021, no pet.); *see also Mazaheri v. Tola*, No. 05-18-01367-CV, 2019 WL 3451188, at *2 (Tex. App.—Dallas July 31, 2019, pet. denied) (mem. op.). Publication, for purposes of a defamation suit, occurs when the statement is "communicated to a third person who is capable of understanding its defamatory meaning and in such a way that the person did understand its defamatory meaning." *Buckingham Senior Living Cmty., Inc. v. Washington*, 605 S.W.3d 800, 809 (Tex. App.—Houston [1st Dist.] 2020, no pet.).

Castillo's claim for defamation is premised on CBCC's identification of him as "rude and ugly to all [s]taff members." Even if we construed such statement as an objectively verifiable fact—rather than an opinion—Castillo's petition does not identify the statement's third-party recipient or address the manner or means of publication. *See id.*;

4

*Campbell v. Clark*, 471 S.W.3d 615, 625 (Tex. App.—Dallas 2015, no pet.) ("A statement must assert an objectively verifiable fact, rather than an opinion, to be actionable."). In other words, Castillo's pleading fails to allege facts necessary to support every element of a defamation claim. *See Hall*, 579 S.W.3d at 377. Thus, the trial court properly dismissed Castillo's claim under Rule 91a. *See id.*; *see also Malik v. GEICO Advantage Ins.*, No. 01-19-00489-CV, 2021 WL 1414275, at *8 (Tex. App.—Houston [1st Dist.] Apr. 15, 2021, pet. denied) (mem. op.) (concluding trial court did not err in granting appellees' motion to dismiss a defamation claim where the "petition alleges too few facts to demonstrate a viable, legally cognizable right to relief"). We overrule Castillo's issue on appeal.[1]

### III. CONCLUSION

We affirm the trial court's judgment.

CLARISSA SILVA
Justice

Delivered and filed on the
22nd day of December, 2022.

---

[1] Castillo spends a significant portion of his appellate brief arguing the merits of his summary judgment motion and CBCC's failure to file a timely response. *See generally* TEX. R. CIV. P. 166a(i); *Draughon v. Johnson*, 631 S.W.3d 81, 87–88 (Tex. 2021) ("[T]he non-movant's failure to answer or respond cannot supply by default the summary judgment proof necessary to establish the movant's right." (quoting *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex. 1979))). In light of our conclusion that the suit was properly dismissed pursuant to Rule 91a, to the extent this issue exists independent from his Rule 91a arguments, this issue is moot and we do not address it. *See* TEX. APP. P. 47.1.