

# NUMBER 13-24-00183-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

## IN RE RICHARD VILLARREAL AND HIDALGO ROOFING & REMODELING, LLC

---

## ON PETITION FOR WRIT OF MANDAMUS

---

## MEMORANDUM OPINION

**Before Justices Benavides, Tijerina, and Silva**
**Memorandum Opinion by Justice Silva**[1]

Relators Richard Villarreal and Hidalgo Roofing & Remodeling, LLC filed a petition

for writ of mandamus asserting that the trial court abused its discretion by denying

relators' motion to dismiss causes of action filed by real party in interest Maria E. Longoria

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.1 ("The court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised and necessary to final disposition of the appeal."); *id.* R. 47.4 (explaining the differences between opinions and memorandum opinions).

as "baseless" under Texas Rule of Civil Procedure 91a. *See generally* TEX. R. CIV. P. 91a.

"Mandamus relief is an extraordinary remedy available only on a showing that (1) the trial court clearly abused its discretion and (2) the party seeking relief lacks an adequate remedy on appeal." *In re Ill. Nat'l Ins.*, 685 S.W.3d 826, 834 (Tex. 2024) (orig. proceeding); *In re Liberty Cnty. Mut. Ins.*, 679 S.W.3d 170, 174 (Tex. 2023) (orig. proceeding) (per curiam). Mandamus relief may be appropriate if the trial court abuses its discretion by denying a Rule 91a motion to dismiss. *See In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d 261, 266 (Tex. 2021) (orig. proceeding); *In re Essex Ins.*, 450 S.W.3d 524, 528 (Tex. 2014) (orig. proceeding) (per curiam).

Rule 91a provides that "a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact." TEX. R. CIV. P. 91a.1; *see In re First Resrv. Mgmt., L.P.*, 671 S.W.3d 653, 659 (Tex. 2023) (orig. proceeding). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see In re Farmers Tex. Cnty. Mut. Ins.*, 621 S.W.3d at 266. "A cause of action has no basis in fact if no reasonable person could believe the facts pleaded." TEX. R. CIV. P. 91a.1; *San Jacinto River Auth. v. Medina*, 627 S.W.3d 618, 628 (Tex. 2021). We perform a de novo review of the trial court's ruling on a Rule 91a motion. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016) (per curiam).

The Court, having examined and fully considered the petition for writ of mandamus, the response filed by Longoria, relators' reply, and the applicable law, is of the opinion that relators have not met their burden to obtain relief. *See* TEX. R. CIV. P. 91a; *Longhorn Creek Ltd. v. Gardens of Connemara Ltd.*, 686 S.W.3d 418, 425–30 (Tex. App.—Dallas 2024, pet. filed); *Long v. Long*, 681 S.W.3d 805, 816–18 (Tex. App.—Dallas 2023, no pet.); *In re Shire PLC*, 633 S.W.3d 1, 18–27 (Tex. App.—Texarkana 2021, orig. proceeding [mand. denied]); *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608–12 (Tex. App.—Corpus Christi–Edinburg 2017, no pet.); see also *Parker v. Ohio Dev., LLC*, No. 04-23-00069-CV, 2024 WL 1864756, at *4 (Tex. App.—San Antonio Apr. 30, 2024, no pet. h.) (mem. op). Accordingly, we deny the petition for writ of mandamus.

CLARISSA SILVA
Justice

Delivered and filed on the
8th day of May, 2024.