Opinion issued December 9, 2025.



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00361-CV

———————————

**THE CITY OF HOUSTON, Appellant**

**V.**

**DAVID MEJIA ORTIZ, LILIA LOPEZ, INDIVIDUALLY AND A/N/F OF Z.O., MINOR, Appellees**

On Appeal from the 295th District Court
Harris County, Texas
Trial Court Case No. 2024-01216

**MEMORANDUM OPINION**

This is an interlocutory appeal from the trial court's denial of a motion to dismiss pursuant to rule 91a of the Texas Rules of Civil Procedure that alleged that the trial court lacked jurisdiction due to governmental and official immunity.[1]

## Background

On January 8, 2024, appellees David Mejia and Lilia Lopez, individually and as next friends of Z.O., a minor, filed suit against appellant, the City of Houston. In appellees' petition, they alleged that, on or about February 1, 2023, a then-unidentified city employee[2]

> failed to exercise due care and abandoned his patrol vehicle on the highway which caused [appellees] to strike the patrol vehicle. At the time in question, [appellees] sustained serious and disabling injuries from an automobile collision when the vehicle in which she [sic] was driving was struck by the [appellant's] employee.

---

[1] A rule 91a motion that challenges the trial court's subject matter jurisdiction is reviewable via interlocutory appeal. *See City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 821-22 (Tex. App.—Austin 2014, no pet.) (noting city invoked court's "jurisdiction over interlocutory appeals from the denial of a challenge to the trial court's subject-matter jurisdiction" and citing section 51.014(a)(8) of the Texas Government Code); TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (allowing appeal from interlocutory order granting or denying plea to jurisdiction by governmental unit as defined in section 101.001 of Texas Civil Practice & Remedies Code); *see also Texas Dep't of Crim. Justice v. Simons*, 140 S.W.3d 338, 349 (Tex. 2004) ("The reference to 'plea to the jurisdiction' is not to a particular procedural vehicle but to the substance of the issue raised. Thus, an interlocutory appeal may be taken from a refusal to dismiss for want of jurisdiction whether the jurisdictional argument is presented by plea to the jurisdiction or some other vehicle . . .").

[2] Appellant identifies the employee as "HPD Officer Davis."

According to appellees, another City of Houston employee investigated the accident or accidents and determined that appellant's "employee/driver was solely at fault." Appellees further alleged that they gave required statutory notice to the City of Houston on February 22, 2023.

On March 12, 2024, appellant filed a motion to dismiss pursuant to rule 91a of the Texas Rules of Civil Procedure. In the motion, appellant argued that (1) governmental immunity applies, (2) appellees did not plead facts to overcome the driver's immunity, (3) appellees pleaded no facts to negate the Texas Tort Claim Act's (TTCA) emergency or 9-1-1 exceptions, and (4) appellees pleaded no facts that would establish a waiver of or overcome the exclusions and exceptions to the TTCA that reinstate governmental immunity. Appellees filed a response, arguing that dismissal on the pleadings was inappropriate on the grounds stated by appellant and that summary judgment after adequate discovery was the proper vehicle.

On April 21, 2024, the trial court denied appellant's motion to dismiss. Appellant timely filed its notice of appeal on May 13, 2024.

**The Rule 91a Motion to Dismiss**

In three issues, appellant argues that the trial court erred in denying appellant's motion to dismiss under rule 91a of the Texas Rules of Civil Procedure because (1) appellees' alleged facts do not state a waiver of immunity under the

TTCA, (2) appellees did not allege facts that would overcome the official immunity of appellant's officer, and (3) appellees pleaded no facts that would overcome the emergency exception or the 9-1-1 exception to the TTCA.

## A. Standard of review

Texas Rule of Civil Procedure 91a allows a party to move for early dismissal of a cause of action that "has no basis in law or fact." *See* TEX. R. CIV. P. 91a.1; *City of Dall. v. Sanchez*, 494 S.W.3d 722, 724 (Tex. 2016); *Burns v. EMD Supply Inc.*, No. 01-22-00929-CV, 2024 WL 1558720, at *5 (Tex. App.—Houston [1st Dist.] Apr. 11, 2024, no pet.) (mem. op.). "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." TEX. R. CIV. P. 91a.1; *see also Seger v. Branda*, No. 01-21-00224-CV, 2022 WL 17981559, at *3 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. denied) (mem. op.). There are generally two circumstances under which a court may determine a cause of action has no basis in law: (1) when the plaintiff fails to plead a viable, legally cognizable cause of action, or (2) when the plaintiff has alleged facts that negate entitlement to the relief requested. *Burns*, 2024 WL 1558720, at *5; *Reaves v. City of Corpus Christi*, 518 S.W.3d 594, 608 (Tex. App.—Corpus Christi-Edinburg 2017, no pet.) (citing cases).

We review a trial court's decision on a rule 91a motion to dismiss de novo. *Bethel v. Quilling, Selander, Lownds, Winslett & Moser, P.C.*, 595 S.W.3d 651, 654 (Tex. 2020); *Burns*, 2024 WL 1558720, at *5. A court may not consider evidence in ruling on a rule 91a motion. *Bethel*, 595 S.W.3d at 654. It must "decide the motion based solely on the pleading of the cause of action, together with any pleading exhibits" permitted under the Texas Rules of Civil Procedure. TEX. R. CIV. P. 91a.6. Because rule 91a provides a harsh remedy, we strictly construe the rule's requirements. *Davis v. Homeowners of Am. Ins. Co.*, 700 S.W.3d 837, 842 (Tex. App.—Dallas 2023, no pet.); *Reaves*, 518 S.W.3d at 607 n.8 (citing *Gaskill v. VHS San Antonio Partners, LLC*, 456 S.W.3d 234, 238 (Tex. App.—San Antonio 2014, pet. denied)).

"To determine if [a] cause of action has a basis in law or fact, we construe the pleadings liberally in favor of the pleader, look to the pleader's intent, and accept as true the factual allegations in the pleadings. In doing so, we apply the fair-notice standard of pleading." *Nat'l Cleaners, LLC v. Aron*, No. 14-21-00549-CV, 2022 WL 3973591, at *3 (Tex. App.—Houston [14th Dist.] Sept. 1, 2022, no pet.) (mem. op.) (internal citation omitted).

## B.     Appellees' alleged facts state a waiver under the TTCA

Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money

damages. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008); *see also Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist. v. Tex. Political Subdivisions Prop./Cas. Joint Self-Ins. Fund*, 212 S.W.3d 320, 323–24 (Tex. 2006). Although the terms "sovereign immunity" and "governmental immunity" are often used interchangeably, sovereign immunity "extends to various divisions of state government, including agencies, boards, hospitals, and universities," while governmental immunity "protects political subdivisions of the State, including counties, cities, and school districts." *Ben Bolt-Palito Blanco Consol. Indep. Sch. Dist.*, 212 S.W.3d at 323–24; *accord Odutayo v. City of Houston*, No. 01-12-00132-CV, 2013 WL 1718334, at *2 n.8 (Tex. App.—Houston [1st Dist.] Apr. 18, 2013, no pet.) (mem. op.). We interpret statutory waivers of sovereign immunity and governmental immunity narrowly, as the Texas Legislature's intent to waive immunity must be clear and unambiguous. *LMV-AL Ventures, LLC v. Tex. Dep't of Aging & Disability Servs.*, 520 S.W.3d 113, 120 (Tex. App.—Austin 2017, pet. denied); *see also* TEX. GOV'T CODE ANN. § 311.034 ("In order to preserve the legislature's interest in managing state fiscal matters through the appropriations process, a statute shall not be construed as a waiver of sovereign immunity unless the waiver is effected by clear and unambiguous language."). Without an express waiver of sovereign immunity or governmental immunity, courts do not have subject-matter jurisdiction over suits against the State or its

political subdivisions. *State v. Shumake*, 199 S.W.3d 279, 283 (Tex. 2006); *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224–25 (Tex. 2004); *see also Harris Cnty. v. S. Cnty. Mut. Ins. Co.*, No. 01-13-00870-CV, 2014 WL 4219472, at *2 (Tex. App.—Houston [1st Dist.] Aug. 26, 2014, no pet.) (mem. op.) ("Governmental immunity from suit deprives a trial court of subject-matter jurisdiction.").

The TTCA provides a limited waiver of immunity for certain tort claims against the government. *Tex. Adjutant Gen. Office v. Ngakoue*, 408 S.W.3d 350, 354 (Tex. 2013) (citing TEX. CIV. PRAC. & REM. CODE §§ 101.001-.109). A governmental unit in the state is liable for property damage, personal injury, and death proximately caused by the wrongful act or omission or the negligence of an employee acting within his scope of employment if the property damage, personal injury, or death arises from the operation or use of a motor-driven vehicle or motor-driven equipment; and the employee would be personally liable to the claimant according to Texas law. TEX. CIV. PRAC. & REM. CODE § 101.021(1).

The Texas Supreme Court has defined "operation" as "a doing or performing of a practical work." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 871 (Tex. 2023) (quoting *Mount Pleasant Indep. Sch. Dist. v. Estate of Lindburg*, 766 S.W.2d 208, 211 (Tex. 1989)). The court defined "use" as "to put or bring into action or service; to employ for or apply to a given purpose." *Id*.

7

Construing appellees' pleadings liberally in their favor, it appears that there may have been two collisions: one when appellant's employee "failed to exercise due care and abandoned his patrol vehicle on the highway which caused [appellees] to strike the patrol vehicle," and a second one where appellees "sustained serious and disabling injuries from an automobile collision when the vehicle in which [appellees were] driving was struck by [appellant's] employee." The subsequent investigation referenced in appellees' petition attributed fault to appellant's employee. The City of Houston admits that the employee "was within the scope of his employment." Because appellees claim they were struck by a patrol vehicle, their cause of action arises from the operation or use of a motor-driven vehicle and is within the TTCA's waiver. TEX. CIV. PRAC. & REM. CODE § 101.021(1). As such, appellees' pleadings state allegations within the statutory waiver of immunity for their claim under the TTCA. *Id*.

**C.  Appellees did not allege facts that would invoke the official immunity of the City of Houston employee, and need not have alleged facts that rebutted official immunity.**

Appellant argues that appellees did not allege facts that would overcome the official immunity of appellant's officer.

The elements of the defense of official immunity are (1) the performance of a discretionary function (2) in good faith (3) within the scope of the employee's authority. *Kassen v. Hatley*, 887 S.W.2d 4, 9 (Tex. 1994) (citing *City of Lancaster*

8

*v. Chambers*, 883 S.W.2d 650, 653 (Tex. 1994)). If an action involves personal deliberation, decision, and judgment, it is discretionary; actions which require obedience to orders or the performance of a duty to which the actor has no choice are ministerial. *Chambers*, 883 S.W.2d at 651. An officer acts in good faith in a pursuit case if a reasonably prudent officer, under the same or similar circumstances, could have believed that the need to immediately apprehend the suspect outweighed a clear risk of harm to the public in continuing the pursuit. *Id.* at 656. When official immunity protects a governmental employee from personal liability, the TTCA does not waive the governmental employer's immunity from suit. *See City of Houston v. Sauls*, 690 S.W.3d 60, 69 (Tex. 2024) (holding that, because TTCA only waives liability if the governmental employee would be personally liable, the government does not waive its immunity where the employee would enjoy official immunity).

Official immunity is a common-law affirmative defense. *Sauls*, 690 S.W.3d at 69. It is not a TTCA exception or exclusion that the plaintiff must affirmatively negate in his pleading. *Rattray*, 662 S.W.3d at 867. "Pleadings whose affirmative allegations functionally exclude the exceptions are typically sufficient." *Id.* Although a rule 91a motion to dismiss may be based on the assertion of an affirmative defense, it may only be granted if the plaintiff's pleadings conclusively establish the affirmative defense. *See Bethel*, 595 S.W.3d at 656 ("Of course, some

affirmative defenses will not be conclusively established by the facts in a plaintiff's petition. Because rule 91a does not allow consideration of evidence, such defenses are not a proper basis for a motion to dismiss.").

Again, in this case, appellees pleaded that a City of Houston employee "failed to exercise due care and abandoned his patrol vehicle on the highway which caused [appellees] to strike the patrol vehicle," leading to a second collision wherein another patrol car struck appellees. Appellees also indicated that a subsequent investigation attributed fault to appellant's employee. Appellees further alleged that appellant's employee drove in such a way as to commit the offense of reckless driving. TEX. TRANSP. CODE § 545.401 Although appellees' pleading suggests that appellant's employee who struck appellees' vehicle may have been performing a discretionary function, by referencing the reckless driving statute appellees also suggest that the appellant's employee did not act in good faith in the manner in which he chose to respond. *City of Pasadena v. Belle*, 297 S.W.3d 525, 532-33 (Tex. App.—Houston [14th Dist.] 2009, no pet.) ("[H]e must also establish good faith in the *manner* in which he chose to respond." (emphasis in original)). Because the allegations, as pleaded, include a lack of good faith, appellees affirmatively negated the affirmative defense of official immunity in their pleadings. *Rattray*, 662 S.W.3d at 867-68. As such, dismissal was not warranted on the grounds of official immunity.

**D.** **Appellees pleaded facts that did not implicate the emergency exception or the 9-1-1 exception.**

Appellant argues that appellees pleaded no facts that would overcome either the emergency exception or 9-1-1 exception to the TTCA.

The TTCA waiver does not apply to a claim arising from the action of an employee while responding to an emergency call or reacting to an emergency situation if the action is in compliance with the laws and ordinances applicable to emergency action or, in the absence of such law or ordinance, if the action is not taken with conscious indifference or reckless disregard to the safety of others. TEX. CIV. PRAC. & REM. CODE § 101.055(2). "Conscious indifference" or "reckless disregard" for the safety of others means the employee knew the relevant facts and risks but did not care about the result. *City of San Antonio v. Hartman*, 201 S.W.3d 667, 672 n.19 (Tex. 2006).

Additionally, there is the 9-1-1 exception, which provides that the TTCA applies to a claim against a public agency that arises from an action of an employee of the public agency, or a volunteer under direction of the public agency, and that involves providing 9-1-1 service or responding to a 9-1-1 emergency call only if the action violates a statute or ordinance applicable to the action. TEX. CIV. PRAC. & REM. CODE § 101.062(b).

Rules 45 and 47 of the Texas Rules of Civil Procedure "require that the original pleadings give a short statement of the cause of action sufficient to give

11

the opposing party fair notice of the claim involved." *Miranda*, 133 S.W.3d at 230 (citing TEX. R. CIV. P. 45, 47). A plaintiff is not required to set out in his pleadings the evidence on which he relies to establish his asserted cause of action. *Id*. Although "[m]ere reference to the [TTCA] does not establish the state's consent to be sued and thus is not enough to confer jurisdiction on the trial court," a plaintiff's jurisdictional allegations are not required to exceed the fair-notice pleading requirements to confer jurisdiction. *See id*. (criticizing dissent for suggesting pleading requirements for jurisdictional allegations that would "extend[] beyond current requirements under our rules of civil procedure and case law," and concluding that plaintiffs' "petition satisfie[d] the notice pleading requirements of our procedural rules" to demonstrate waiver of governmental immunity).

In the instant case, appellees pleaded no facts to suggest that the City of Houston employee in question was responding to a 9-1-1 call or other emergency. Appellees' pleadings do not allege that either patrol vehicle had its emergency lights or sirens engaged or that the City of Houston employee alleged to have negligently parked his vehicle was at the scene of the accident. Appellant, on the other hand, alleged in its motion to dismiss that "Officer Davis was pursuing a fugitive felon who was armed with a gun and wanted for an aggravated kidnapping charge" and that the chase in pursuit of the alleged felon "lasted 30-40 minutes." Appellant did not raise these additional factual issues in a plea to the jurisdiction or

12

other vehicle wherein appellant may adduce extrinsic evidence, but in a rule 91a motion to dismiss based on plaintiff's pleadings. And "[p]leadings whose affirmative allegations functionally exclude the [statutory] exceptions [to the TTCA] are typically sufficient." *Rattray*, 662 S.W.3d at 867. Moreover, appellees need not have produced additional evidence or factual support to rebut appellant's factual assertions in their rule 91a motion because the procedural framework of rule 91a mandates that the motion be decided based on the pleadings alone. *See Sanchez*, 494 S.W.3d at 725 ("To determine whether dismissal under rule 91a is required in this case, we thus consider whether the pleadings, liberally construed, allege sufficient facts to invoke a waiver of governmental immunity under the [TTCA]."); *Reaves*, 518 S.W.3d at 606-07 ("We are of the opinion that this case must therefore be judged under the constraints of rule 91a, since that is the procedural framework which the City's motion invoked, upon which the appellants relied, and by which the trial court decided this case."). Because appellees' pleadings did not include facts that would implicate the emergency or 9-1-1 exceptions to the TTCA waiver, they were not required to allege additional facts negating these exceptions. *See Rattray*, 662 S.W.3d at 867-68; *City of Houston v. Polk*, No. 14-23-00360-CV, 2025 WL 1692588, at *6 (Tex. App.—Houston [14th Dist.] June 17, 2025, no pet.) (mem. op.) ("We conclude that nothing in Polk's live

pleading plausibly implicates the applicability of the emergency exception; thus, he was not required to expressly negate the exception.").

## Conclusion

Having determined that the trial court properly denied appellant's motion to dismiss, we affirm the trial court's order denying appellant's motion to dismiss.

Amparo "Amy" Guerra
Justice

Panel Consists of Justices Guerra, Guiney, and Johnson.

14